Saidou BA, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–3300.

United States Court of Appeals, Sixth Circuit.

June 16, 2004.

John S. Richbourg, Memphis, TN, for Petitioner.

Jennifer Keeney, Emily A. Radford, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RYAN and COOK, Circuit Judges; and CLELAND, District Judge.*

*ORDER*

Saidou Ba, a resident and citizen of Mauritania, petitions for review of the decision of the Board of Immigration Appeals (BIA) that affirmed the decision of the Immigration Judge (IJ) to deny Ba's application for asylum, withholding of removal, and protection under the Convention Against Torture. This panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ba entered the United States without a valid entry document in March 1999. The government began removal proceedings in August 1999. Ba conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture. An IJ held a hear-

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

ing in November 1999. Ba testified that the Mauritanian government killed his father in 1989 for his suspected part in an attempted coup against the president, arrested Ba and his mother in 1993 because of her activities with a group called the Collection of Widows and Victims of Repression, evicted them from their home, and arrested him again in 1998 and beat him repeatedly. The IJ found that Ba was not credible, that he had not shown that he had been persecuted because of any of the statutory grounds for asylum, and that Ba could return safely to Mauritania. The BIA affirmed the IJ's decision in an opinion dated January 30, 2003. Ba filed a timely petition for review.

In his petition for review. Ba argues that the BIA and the IJ erred in ruling, inter alia, that Ba did not show that he was persecuted, that he was not credible, and that he could return safely to Mauritania.

Initially, we note that Ba does not argue that the BIA erred by denying his requests for withholding of removal and protection under the Convention Against Torture. Accordingly, he has waived those claims. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

We review a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because we would have decided the case differently. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir.1998).

Upon review, we conclude that the petition for review must be denied. The BIA's conclusion that Ba did not establish eligibility for asylum is supported by substantial evidence. Ba argues that he was persecuted because of the political activities of his parents. A well-founded fear of perse-cution may be based on political opinions correctly or incorrectly imputed to the asylum seeker. *Balasubramanrim v. INS*, 143 F.3d 157, 165 n. 10 (3d Cir.1998). However, an applicant relying on such a claim must demonstrate that persecutors actually imputed a political opinion to him and persecuted him on account of that opinion. *Ciorba v. Ashcroft*, 323 F.3d 539, 545 (7th Cir.2003). Ba did not meet this burden. His father died long before Ba was arrested, and the government did not target Ba's mother after her release from prison. Thus, even if it is assumed that Ba was credible, he was not entitled to asylum. Because Ba did not meet his burden of establishing eligibility for asylum, we need not address his other arguments. For the foregoing reasons, we deny the petition for review.