**Taher A. ABDULNOOR; Hiam E. Abdulnoor; Martin Abdulnoor; Marina Abdulnoor; Marla Abdulnoor, Petitioners,**

**v.**

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

**No. 03–3001.**

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

Namir M. Daman, Daman & Daman, Oak Park, MI, for Petitioner.

Emily A. Radford, Andrew M. Eschen, U.S. Department of Justice, Office of Litigation, Washington, DC, Washington, DC, for Respondents.

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Taher A. Abdulnoor, a native of Iraq, petitions through counsel on behalf of himself, his wife, and their three children, for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying their requests for asylum, withholding of removal, and voluntary departure. The parties have waived

oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Abdulnoor was born in Iraq in 1966. He and his family entered this country in 1996. They applied for the above relief upon being placed in removal proceedings. They did not apply for relief under the United Nations Convention Against Torture. A hearing was held before an immigration judge (IJ), at which Abdulnoor testified that he was a Christian, a minority in Iraq. However, his fear of persecution was not on that ground, but on the ground of political opinion. He testified that he had been in the military in Iraq, and was in charge of guarding an ammunition depot. Some weapons were discovered missing, and eventually were found in the hands of a group that was plotting a coup against Saddam Hussein. Abdulnoor testified that he did not know what had happened to the missing weapons, and was not politically active. Abdulnoor received a warning that he was going to be arrested, and took his family into hiding. He later learned that his house had been burned down, and that a death sentence had been imposed against him. The family fled Iraq through Turkey and Mexico before coming to this country.

The IJ denied all the relief requested, concluding that Abdulnoor had not established that he feared persecution based on a protected ground. The Board of Immigration Appeals (BIA) affirmed this decision. In his brief before this court, Abdulnoor makes two arguments: the BIA should not have rejected his proffer of a copy of his death sentence while at the same time criticizing his failure to offer corroboration of his story; and the BIA should have remanded the case for consideration of changed country conditions. Parts of the brief appear to be addressed to a different case. Respondent's brief is also confusing. It argues, for example, that Abdulnoor is not entitled to asylum based on his fear of punishment for deserting the military, but no such argument has been presented in this case.

In order to be entitled to asylum, an alien is required to establish that he fears persecution upon return to his home country on the basis of race, religion, nationality, membership in a particular social group, or political opinion. *Perkovic v. INS*, 33 F.3d 615, 620–21 (6th Cir.1994). In this case, the BIA concluded that Abdulnoor had not shown any nexus between his fear of persecution and any of these protected grounds. The BIA apparently did not consider that imputed political opinion is a protected ground. *Amanfi v. Ashcroft*, 328 F.3d 719, 729–30 (3d Cir. 2003); *Lwin v. INS*, 144 F.3d 505, 509 (7th Cir.1998). Here, Abdulnoor testified that, because the weapons for which he was responsible ended up in the hands of a group that was plotting a coup against Saddam Hussein, support of that cause was imputed to him, and he was therefore sentenced to death. The conclusion that Abdulnoor's fear of persecution was not related to a protected ground is therefore without support.

Because the BIA did not find that Abdulnoor had established fear of persecution based on a protected ground, it did not address the issue of whether changed conditions in Iraq had rendered it safe for him to return. In such a case, a remand for further proceedings is the appropriate relief. *INS v. Orlando Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). We need not reach the other issues discussed in the briefs, to the extent they are even applicable to this case.

Accordingly, the petition for review is granted and this matter is remanded for further proceedings.