NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0509n.06

No. 08-3890

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Jul 22, 2009**
LEONARD GREEN, Clerk

JING HU,                                      )
                                              )
    Petitioner,                           )
                                              )
v.                                            )   ON PETITION FOR REVIEW FROM
                                              )   THE BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., United States            )   APPEALS
Attorney General,                             )
                                              )
    Respondent.                           )
                                              )

Before:  KEITH, CLAY, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS**, Circuit Judge.  Petitioner Jing Hu petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Because Hu is unable to present an objectively reasonable fear of future persecution based on her father's past persecution, we deny the petition for review.

I.

Hu is a native and citizen of Fujian Province of the People's Republic of China.  Hu's father began practicing Falun Gong[1] in April of 2003, in order to relieve stress from work that had caused

---

[1]"Falun Gong is a spiritual discipline comprised of meditation exercises with moral components, including cultivation of virtue and character." *Lin v. Holder*, 565 F.3d 971, 974 (6th Cir. 2009) (citation omitted).

1

his health to deteriorate. In September of 2003, Hu began studies in real estate property management at Zhangzhou Teachers College. On May 10, 2004, Hu was interviewed by two public security officers on her school's campus regarding her father's whereabouts. The security officers ordered Hu "to cooperate with authorities to track down [her] father as 'Falun Gong gangster' in order to 'eliminate a threat to the society.'" Hu informed the officers that she had not seen her father since earlier in 2004, and she was warned that failure to cooperate with the authorities may subject her to criminal prosecution as an accomplice. That evening, Hu's mother called Hu stating that the family residence had been searched and sealed off and that Hu's mother was staying at a relative's home. Hu's mother stated that Hu should remain at school unless informed otherwise.

The following day, May 11, 2004, Hu was called to the dean's office of her educational department, where she was instructed to "'fully cooperate with authorities' to facilitate criminal prosecution of [her] own father for being part of the Falun Gong evil cult." She was warned that her failure to cooperate fully would jeopardize her education and her entire future.

On May 14, 2004, Hu was removed from class to be questioned again by the same two officers who questioned her on May 10. She was told that she was under time pressure to show sincerity in cooperating with the authorities to track down her father. The officers instructed her to find information about her father's whereabouts or face adverse consequences. Hu discontinued her educational studies in May of 2004 because the questionings by the police and warning from the dean of her department left her fearful for her safety.

Hu left China in mid-October of 2004, attempting to enter the United States by crossing the Canada-United States border at an unknown date. However, Hu was apprehended by border patrol agents near the border area. On November 6, 2004, the Department of Homeland Security began

2

removal proceedings against Hu by serving her with a notice to appear, submitting that Hu was removable as an alien present in the United States without being admitted or paroled. On February 22, 2005, Hu and her counsel appeared before an immigration judge in Detroit, Michigan and conceded removability. On that same date, Hu requested asylum, withholding of removal, and protection under Article 3 of the CAT. Hu requested relief based on her experiences in China being investigated and questioned by Chinese authorities seeking information regarding her father's whereabouts in connection with his prosecution for practicing Falun Gong.

In February of 2005, Hu was unaware of what steps authorities had taken with respect to her parents and younger brother, if any. She subsequently filed a supplemental affidavit in April of 2006, stating that her father was questioned by authorities regarding his Falun Gong practice on April 14, 2004, and tortured in order to force him to confess. As a result, Hu's father "suffered rapid deterioration in his health with symptoms of fever, numbness in both his legs . . . and hallucinations due to his severe deprivation of sleep." After her father was released on May 5, 2004, he went into hiding with the rest of the family, but the family was apprehended on June 1, 2005, in Beijing. On June 6, 2005, Hu's father was sentenced to two years of "reeducation" for his Falun Gong adherence and was expelled from the Chinese Communist Party. Hu's mother and younger brother were detained for six months for "transformation," which included hard labor and "study sessions" to instill dogma acceptable to the authorities. Hu's mother and brother were released on January 7, 2006.

On April 28, 2006, Hu testified at a merits hearing in front of an immigration judge in Detroit, Michigan in support of her application for relief. The immigration judge discussed an amendment to Hu's application stating that she came to the United States through Vietnam,

3

Thailand, and Canada, rather than her initial claim to have come to the United States through Hong Kong and Canada. Hu was also questioned regarding another inconsistency in her story–Hu claimed that the last phone conversation she had with her mother before leaving China was on May 10, 2004, but her mother's affidavit stated that the conversation probably occurred in early April of 2004. Hu stated that she feared mistreatment by the Chinese authorities if she were returned to China. However, on cross-examination, Hu admitted that she did not pursue a refugee claim in Canada because she had no relatives there and wished to come to the United States to work in New York.

The immigration judge issued an oral decision denying Hu's applications for asylum, withholding of removal, and CAT protection on October 26, 2006. The immigration judge found that Hu was not credible, noting numerous inconsistencies, particularly the two inconsistencies regarding her path to the United States and the date of her last phone conversation with her mother. The immigration judge stated that "with respect to why she ended up in the United States, [Hu] cannot tell a consistent, straight story." ROA 64. The immigration judge denied Hu's claim for asylum based on the adverse credibility finding. Because Hu failed to satisfy the lower burden for asylum, the immigration judge found that she did not satisfy the higher burden of proof to be eligible for withholding of removal, nor did she satisfy the requirements for CAT protection. However, the immigration judge stated that if he had found Hu credible, then she "would certainly have a well-founded fear of future persecution objectively and subjectively given the country conditions in China." ROA 68.

The BIA dismissed Hu's appeal. The BIA did not specifically analyze the adverse credibility finding by the immigration judge because it stated that even assuming, *arguendo*, that Hu provided

a credible claim, she still failed to establish eligibility for relief.[2] The BIA found that there was insufficient evidence in the record to demonstrate that Hu had an objectively reasonable well-founded fear of persecution on account of a protected ground. The BIA noted that Hu herself had never been "arrested, physically harmed, or otherwise abused," indicating that the authorities had no reason to pursue her other than to seek information regarding her father. Because the Chinese authorities were ultimately successful in finding and prosecuting Hu's father for his Falun Gong practice, the BIA found that there was no objective evidence indicating that the authorities currently have any reason to seek out Hu. To the extent Hu fears persecution based on her prior failure to assist the authorities, the BIA found that she has no current basis for such a fear because her similarly-situated mother and brother were released from police custody on January 7, 2006. The BIA noted that Hu "cannot claim her familial background or other social group status . . . as a basis for seeking relief as merely having family members who have suffered persecution does not meet the burden of proof for relief when the applicant fails to establish such risk of persecution to herself." ROA 3. The BIA therefore found that the immigration judge's denial of asylum, withholding of removal, and CAT protection for Hu were correct and that any errors in the immigration judge's decision were harmless. Hu timely appealed to this court.

## II.

"Because the BIA issued its own opinion rather than a summary affirmance or adoption of the IJ's findings, this court reviews the BIA opinion as the final agency determination." *Grijalva*

---

[2]The BIA disagreed with the immigration judge's conclusion that Hu's testimony, if credible, would have established a well-founded fear of future persecution: "[W]e conclude that his decision is flawed in this respect as he failed to conduct a specific and individualized analysis examining the current basis of her fear." ROA 3 n.1.

*v. Gonzales*, 212 F. App'x 541, 547 (6th Cir. 2007) (quoting *Xhamxhi v. Gonzales*, 188 F. App'x 472, 475 (6th Cir. 2006)). The panel reviews questions of law *de novo*. *Ali v. Ashcroft*, 366 F.3d 407, 409 (6th Cir. 2004). Credibility determinations are factual findings reviewed under the substantial evidence standard articulated by the Supreme Court, which has been described differently but "basically codifie[d]" at 8 U.S.C. § 1252(b)(4)(B).[3] *See Akhtar v. Gonzales*, 406 F.3d 399, 404 (6th Cir. 2005); *Sylla v. INS*, 388 F.3d 924, 925 (6th Cir. 2004). Factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004).

Asylum analysis requires a two-pronged inquiry that examines: (1) whether Hu qualifies as a refugee, and (2) whether Hu merits a favorable exercise of discretion with respect to her application. *See Patel v. Gonzales*, 470 F.3d 216, 218 (6th Cir. 2006). "[W]here the [BIA] determines that an alien does not qualify as a 'refugee' and that decision is supported by substantial evidence, the court of appeals need not answer whether the alien merits a favorable exercise of discretion with respect to his application for asylum." *Kai Hun Sin v. Mukasey*, 294 F. App'x 203, 205 (6th Cir. 2008) (citing *Koliada v. INS*, 259 F.3d 482, 488 (6th Cir. 2001)).

III.

Hu's first argument for relief is that the immigration judge erred in determining that her testimony was not credible and in excluding some of her supporting evidentiary documents. This argument is not properly before us, because the BIA presumed, "*arguendo*, that [Hu] provided a

---

[3]Although the REAL ID Act altered the standards governing credibility determinations, the provision applies only to aliens who applied for asylum, withholding of removal, or other relief on or after May 11, 2005. *See* REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 101(h)(2), 119 Stat. 231, 305. Because Hu applied for asylum on February 21, 2005, the provisions of the REAL ID Act do not apply to her case.

credible claim." Therefore Hu received the benefit of a favorable credibility finding for her case's evaluation by the BIA. *Cf. Myrtaj v. Holder*, No. 08-3884, 2009 U.S. App. LEXIS 10584, at *12 (6th Cir. May 15, 2009) (unpublished) (noting that petitioner's argument that the immigration judge did not make a credibility finding was irrelevant because even fully crediting his testimony supported removability).

Next, Hu argues that she has met her burden to receive asylum by demonstrating qualification as a refugee by proving a well-founded fear of future persecution given her "actual and imputed opposition to persecution of her own father as a Falun Gong practitioner."[4] To establish eligibility for asylum, Hu must demonstrate (1) a fear of persecution in China based on race, religion, nationality, membership in a particular social group, or political opinion; (2) a reasonable possibility of suffering such persecution upon return to China; and (3) that she is unable or unwilling to return to China because of such fear. *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(b)(2)(i); *see also Perkovic v. INS*, 33 F.3d 615, 620-21 (6th Cir. 1994).

To satisfy the first prong of establishing a well-founded fear of future persecution, Hu must demonstrate a fear of persecution on account of a protected ground. *See Lin*, 565 F.3d at 976. The BIA found that:

---

[4]A claim of past persecution requires more than isolated harassment of the petitioner. *See Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998) ("[P]ersecution . . . requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." (internal quotation marks omitted)). Hu was questioned twice by Chinese authorities and was warned to be cooperative by her school's dean. She was never arrested, detained, or physically abused by the authorities in China. Therefore, Hu is unable to establish a claim of past persecution, and appears to have abandoned the argument on appeal by focusing exclusively on her fear of future persecution. *See Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001) (noting that issues not raised on appeal are considered waived).

> The record does not show that the respondent ever practiced Falun Gong, expressed critical views of the Chinese government, or was otherwise being sought by authorities on any basis other than for her knowledge about her father. The fact that she was never arrested, physically harmed, or otherwise abused underscores the fact that the police had no other reason to pursue her.

ROA 3. The record reflects that Hu's fear of persecution derives from the fact that she "did not cooperate with the policemen" in finding and arresting her father, rather than any personal Falun Gong beliefs or a mistaken belief on the part of the authorities that she herself practices Falun Gong.[5]

Even assuming, *arguendo*, that Hu was able to satisfy the first prong of the analysis, Hu is unable to satisfy the second prong of establishing a reasonable probability of suffering Falun Gong-related persecution upon her return to China. The authorities interviewed Hu twice regarding her father's location, and ultimately succeeded in locating, arresting, and prosecuting Hu's father for his Falun Gong practice. The evidence in the record suggests that the proceedings against Hu's father have concluded, because he was sentenced to two years of reeducation in 2005. Therefore, there is no objective evidence that the Chinese authorities currently have any interest in punishing Hu for her perceived failure to cooperate in locating her father. *See Kai Hun Sin*, 294 F. App'x at 207-08 (denying asylum to an applicant who was "not a practicing member of the Falun Gong nor . . . politically active" and noting that the record was devoid of evidence that the applicant suffered "physical abuse, imprisonment, arrest, or economic hardship").

---

[5]The Supreme Court has not determined whether imputed political opinions may serve as a basis for an asylum claim. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (assuming, *arguendo*, that such an imputed political opinion "would suffice"). Several circuit courts have held that erroneously imputed political opinions may suffice as the basis for an asylum claim. *See Pascual v. Mukasey*, 514 F.3d 483, 486 (6th Cir. 2007) (collecting cases). We appear to have agreed with this approach, albeit in a short, unpublished opinion. *See Abdulnoor v. Ashcroft*, 107 F. App'x 594, 595 (6th Cir. 2004). Because Hu has presented no evidence suggesting that the Chinese authorities believed her to be a Falun Gong adherent, we need not address the issue of whether or not an asylum applicant may prevail based on the doctrine of imputed political opinion.

Likewise, Hu's claim that she is similarly situated to her mother and brother and therefore likely to suffer persecution on that ground must fail. It is questionable whether Hu is similarly situated to her mother and brother, because they actively assisted Hu's father in hiding from the authorities, while Hu did not. Regardless, Hu's mother and brother were released from custody on January 7, 2006, and Hu has provided no evidence to indicate that she or her family members are still being persecuted. Although we have found that acts of violence against an asylum applicant's family members may provide evidence of a well-founded fear of future persecution, "absent a pattern of persecution tied to the asylum applicant himself or herself, acts of violence against family members do not necessarily demonstrate a well-founded fear of persecution." *Akhtar*, 406 F.3d at 405 (quoting *Gebremaria v. Ashcroft*, 378 F.3d 734, 739 (8th Cir. 2004)). The facts of *Akhtar* are particularly illuminating. The asylum applicant, Syed Kashif Akhtar, was politically inactive and did not maintain any political affiliations that led to his family's persecution in Pakistan. *Id.* at 406. Even though his father had been murdered and his mother wounded due to their protected activities, Akhtar was denied asylum for failing to demonstrate a well-founded fear of persecution. *Id.* at 405-06. Hu's family members have not suffered such severe persecution at the hands of the Chinese government, and Hu has not met her burden of showing a reasonable probability of being persecuted in the future. *See id.* at 406. We conclude that the BIA's denial of asylum is buttressed by substantial evidence. *See Koliada*, 259 F.3d at 488.

Because Hu has failed to demonstrate an objectively reasonable well-founded fear of persecution, we need not address the third prong establishing eligibility for asylum of whether she was unable or unwilling to return to China because of such fear. *See Kai Hun Sin*, 294 F. App'x at 209 (declining to reach this issue).

9

Hu argues in her brief that "[c]ountry conditions in China have worsened as of October, 2008." Pet'r Br. at 55. This argument is not properly before us, because "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A); *see also Lin*, 565 F.3d at 979 (stating that an appeals court may not "take judicial notice of facts, including country reports, outside the administrative record") (quoting *Sedrakyan v. Gonzales*, 237 F. App'x 76, 84 n.4 (6th Cir. 2007)).

Hu also seeks withholding of removal. To qualify for such relief, "an applicant must demonstrate it is more likely than not, that if removed to a designated country, his life or freedom would be threatened on account of a protected ground." *Lin*, 565 F.3d at 979 (internal quotation omitted). This standard is more stringent than the standard for granting asylum. *See Berri v. Gonzales*, 468 F.3d 390, 397 (6th Cir. 2006). Since Hu cannot satisfy the standards for granting asylum, she also fails in her claim for withholding of removal. *See Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005).

Hu briefly mentions that she should receive protection under the CAT, but she fails to develop any argumentation related to this issue. She has therefore waived the issue. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008) (citing *McPherson v. Kelsey*, 125 F.3d 995-96 (6th Cir. 1997), for the proposition that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Even if Hu has not waived the issue, she has presented no evidence establishing that "it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Hu is unable to satisfy the heightened requirements under the CAT, and we uphold the BIA's

decision denying her relief on this ground as supported by substantial evidence. *See, e.g.*, *Liti v. Gonzales*, 411 F.3d 631, 641 (6th Cir. 2005).

## IV.

For the foregoing reasons, we conclude that the BIA's opinion finding no well-founded fear of future persecution is substantially supported by the evidence contained in the record and is not contrary to law. We therefore deny Hu's petition for review.