NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0562n.06

No. 08-3970

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Aug 12, 2009**
LEONARD GREEN, Clerk

MOUSSA MBALLO,  )
  )
  Petitioner,  )
  )
v.  )  PETITION FOR REVIEW OF AN
  )  ORDER OF THE BOARD OF
  )  IMMIGRATION APPEALS
  )
ERIC H. HOLDER, JR., Attorney General of the  )
United States,  )
  )
  Respondent.  )

Before: SILER, MOORE, and GRIFFIN, Circuit Judges.

**PER CURIAM**. Moussa Mballo petitions for review of the order of the Board of

Immigration Appeals ("BIA") upholding the decision of the Immigration Judge ("IJ") denying his

application for asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). Because there is no evidence that compels a reversal of the BIA's decision, we DENY the

petition for review.

**Background**

Mballo is a native and citizen of Guinea who entered the United States without valid

documentation. After a 1998 incident between his family and several soldiers that forms the basis

for his application, he fled Guinea and spent two years working on a farm in Senegal. Using a fake

passport, he allegedly came to the United States in 2000.

Mballo applied for relief in 2002 before being placed in removal proceedings, and again after removal proceedings were initiated in 2003. In both applications, he claimed persecution on account of political opinion because of an incident that occurred after an election in Guinea in 1998. Soldiers attacked his father and uncle in their home because of their involvement with the democratic party of Alpha Condé. Mballo came to their defense and was attacked by the soldiers. He was taken to the hospital with his father, who died of his injuries. Because he feared retaliation from the soldiers, Mballo escaped from the hospital to Senegal.

At the hearing, Mballo was the sole testifying witness, and he did not submit any documentary evidence supporting his account of the 1998 incident. The IJ denied the requested relief, finding that Mballo was not credible, his application for asylum was untimely, and that he failed to meet his burden of proof for the asylum and withholding claims. It also denied asylum as a matter of discretion. The BIA affirmed the denials of the asylum and INA withholding claims, finding that even if Mballo were credible and had filed a timely asylum application, there was no evidence he was persecuted on account of his own or an imputed political opinion. It affirmed the denial of the CAT claim because Mballo failed to show that, almost a decade after the 1998 incident, officials in Guinea would more likely than not torture him if he returned.

On appeal, Mballo argues that the credibility and corroboration findings of the IJ should be reversed and that his untimely application should be excused. As the BIA did, we assume adequate credibility and corroboration, and a timely asylum application. Therefore, we consider only the argument that he established persecution on account of political opinion.

**Analysis**

We review the BIA's decision where, as here, it does not summarily adopt the IJ's reasoning. *See Fang Huang v. Mukasey*, 523 F.3d 640, 651 (6th Cir. 2008). Factual determinations, including that an applicant qualifies as a "refugee," are reviewed under the substantial evidence test, "meaning that findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Patel v. Gonzales*, 470 F.3d 216, 219 (6th Cir. 2006) (*quoting* 8 U.S.C. § 1252(b)(4)(B)) (internal quotations omitted).

An applicant for asylum must establish that he qualifies as a "refugee" because of persecution on account of a protected ground, 8 C.F.R. § 1208.13(b)(1)-(2), and here Mballo offered political opinion as that ground. In order to meet this burden, the applicant must show he "was persecuted *on account of* or *because of* the political opinion." *Marku v. Ashcroft,* 380 F.3d 982, 986 (6th Cir. 2004) (emphasis in original). Mballo's claim for past persecution was based on the 1998 incident when the soldiers attacked his father and uncle. Even crediting his account of that night, there is no evidence that he was attacked by the soldiers because of his political opinion. He has repeatedly asserted he has no political opinions or affiliations.

He also claims that his father and uncle's political opinions were imputed to him. The Supreme Court has not decided whether an imputed political opinion may be the basis for an asylum claim. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 482 (1992); *Pascual v. Mukasey*, 514 F.3d 483, 486 (6th Cir. 2007). Consistent with several other circuits, we have recognized in unpublished decisions that an imputed political opinion may suffice. *See Abdulnoor v. Ashcroft*, 107 Fed. App'x 594, 595 (6th Cir. 2004); *Ba v. I.N.S.*, 102 Fed. App'x 464, 465 (6th Cir. 2004).

If so, the applicant must show persecutors "actually imputed a political opinion to him and persecuted him on account of that opinion." *See Ba*, 102 Fed. App'x at 465 (*citing Ciorba v. Ashcroft*, 323 F.3d 539, 545 (7th Cir. 2003)).

Assuming that an imputed political opinion would suffice, Mballo's claim fails because he consistently stated that the soldiers attacked him because he went to his father's defense and struck one of them, not because the soldiers imputed an opinion to him. For the same reasons, Mballo failed to establish a well-founded fear of future persecution on account of an actual or imputed political opinion. As we noted in *Pascual*, if we were to recognize imputed political opinion as a basis for asylum claims, it would be difficult to show a well-founded fear of future persecution on that ground because that would "require an inquiry into whether the prospective persecutor would make the same mistake again if the alien returned." 514 F.3d at 488.

Finding Mballo has not met the lower asylum burden of proof for persecution, we affirm the BIA's dismissal of the claim for withholding of removal under the INA. *See I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 430-32 (1987) (discussing the different burdens of proof). On appeal, Mballo does not challenge the denial of relief under the CAT. Therefore, we decline to consider it. *See United States v. Moore*, 376 F.3d 570, 576 (6th Cir. 2004).

The petition for review is DENIED.