*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0314p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MICHELLE K. BARANY-SNYDER,

　　　　　　　　　　*Plaintiff-Appellant,*

　　*v.*

　　　　　　　　　　No. 07-3244

KEITH D. WEINER; KEITH D. WEINER & ASSOCIATES
CO., L.P.A.; and SCOTT W. PARIS,

　　　　　　　　　　*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 06-02111—Patricia A. Gaughan, District Judge.

Argued: June 10, 2008

Decided and Filed: August 22, 2008

Before: GIBBONS and SUTTON, Circuit Judges; ACKERMAN, District Judge.[*]

---

### COUNSEL

**ARGUED:** Blake O. Brewer, BLAKE OWEN BREWER COMPANY, Independence, Ohio, for
Appellant. David Kerwin Frank, MAZANEC, RASKIN, RYDER & KELLER CO., Columbus,
Ohio, for Appellees. **ON BRIEF:** Blake O. Brewer, BLAKE OWEN BREWER COMPANY,
Independence, Ohio, Stephen R. Felson, LAW OFFICE, Cincinnati, Ohio, for Appellant. David
Kerwin Frank, MAZANEC, RASKIN, RYDER & KELLER CO., Columbus, Ohio, for Appellees.

---

### OPINION

---

　　JULIA SMITH GIBBONS, Circuit Judge. This case arises out of a state court debt
collection action brought by defendants-appellants Keith D. Weiner, Keith D. Weiner & Associates
Co., L.P.A., and Scott W. Paris (collectively, "defendants") against plaintiff-appellant Michelle K.
Barany-Snyder. Barany-Snyder alleges that defendants engaged in improper debt collection in
violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and seeks
to represent a class of similarly situated individuals. Pursuant to Federal Rule of Civil Procedure
12(c), the district court granted judgment on the pleadings in favor of defendants, and Barany-

---

[*]The Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey, sitting
by designation.

Snyder now appeals. Defendants, in turn, assert that they are entitled to immunity from suit, and they further argue that the statute of limitations bars at least part of Barany-Snyder's FDCPA claims.

For the following reasons, we affirm the judgment of the district court.

## I.

Keith D. Weiner and Scott W. Paris are debt-collection attorneys who practice on behalf of Keith D. Weiner & Associates, L.P.A., a law firm. On July 1, 2003, defendants filed a lawsuit against Barany-Snyder in Berea Municipal Court, Cuyahoga County, Ohio, seeking to recover $8,146.53, plus interest at the rate of 16% per annum and costs. Attached to the complaint ("Berea Complaint") was a two-page "Revolving Credit Agreement" upon which the claim was based. Pursuant to the Credit Agreement, Baldwin-Wallace College extended credit to Barany-Snyder, a student at the college, for the payment of fees imposed by the college. Significantly, the Credit Agreement contained the following attorney's fees provision:

> I/We understand that upon default of any, or all of the terms and conditions of this credit agreement and upon proper service of a *NOTICE OF DEFAULT* by the College, all signers immediately become, at the option of the college, liable for attorney fees and/or actual or reasonable collection costs which may be added to the Total Amount Due.

The complaint itself, however, did not seek attorney's fees. On November 21, 2003, the Berea Municipal Court entered judgment in favor of the college in the amount of $8,146.53, plus interest at the rate of 16% per annum from October 4, 2002, and court costs. The court did not award the college attorney's fees, however, as the college did not seek or request such an award.

On April 5, 2004, Barany-Snyder filed a Chapter 7 bankruptcy petition in the Northern District of Ohio, which resulted in a stay of the state court proceedings. On May 22, 2006, following the conclusion of bankruptcy court proceedings, defendants filed a motion to lift the stay in Berea Municipal Court. Barany-Snyder obtained counsel and opposed the motion. On June 9, 2006, defendants filed a document entitled "Judgment Creditor's Response to Judgment Debtor's Response to Motion to Lift Stay" ("Berea Reply Brief"), to which a copy of the Credit Agreement was attached. Barany-Snyder then moved to reopen her bankruptcy case, and the bankruptcy court ultimately discharged the debt in question on May 2, 2007.

On August 31, 2006, Barany-Snyder filed a class action complaint against defendants in the United States District Court for the Northern District of Ohio and subsequently filed an amended complaint on October 20, 2006. The amended complaint alleged that defendants violated a number of provisions of FDCPA, as well as the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01 *et seq*. Essentially, the complaint asserted that because Ohio law prohibits creditors from recovering attorney's fees in connection with the collection of a consumer debt, defendants violated provisions of the FDCPA and the OCSPA when they attached the Credit Agreement—which contained an attorney's fees provision—to the Berea Complaint and to the Berea Reply Brief.

Defendants filed a Rule 12(c) motion for judgment on the pleadings. In an opinion and order issued on January 24, 2007, the district court concluded that Barany-Snyder failed to state a claim under 15 U.S.C. §§ 1692e(2)(A), (2)(B), (5), (10), and 1692f(1). Additionally, the district court rejected defendants' claim of litigation immunity and declined to exercise supplemental jurisdiction over Barany-Snyder's OCSPA claim.

Barany-Snyder filed this timely appeal on February 12, 2007. Defendants filed a cross-appeal, ostensibly from the district court's determination that they were not entitled to immunity

from suit.  Upon a motion filed by Barany-Snyder, a panel of this court dismissed the cross-appeal, as the district court had entered a judgment in defendants' favor.

## II.

On appeal, defendants have raised, albeit obliquely, a statute of limitations defense to Barany-Snyder's FDCPA claims.  This cursory argument has been waived, for "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation and quotation marks omitted).  Nor was this issue adequately presented to the trial court.  While defendants asserted a general statute of limitations defense in their answer, this defense was not raised in defendants' motion for judgment on the pleadings.  Defendants did raise the statute of limitations issue briefly in their reply brief below, but the district court did not address the issue—an apt decision, given that this court has noted that "[r]aising [an] issue for the first time in a reply brief [in the district court] does not suffice" to preserve the argument for appeal. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)).  We thus need not consider this argument.  "Issues that are not squarely presented to the trial court are considered waived and may not be raised on appeal." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1172 (6th Cir. 1996).

## III.

We review a district court's grant of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) *de novo*, just as we review a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).  Accordingly, "we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr.*, 508 F.3d at 336.  Although our decision rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)) (emphasis omitted).  The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.*, 508 F.3d at 336.  To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.*

## IV.

Barany-Snyder claims that defendants violated 15 U.S.C. §§ 1692e(2)(A), (2)(B), (5), (10), and 1692f(1) by attaching the Credit Agreement to the Berea Complaint and the Berea Reply Brief.  As noted above, Ohio law prohibits creditors from recovering attorney's fees in connection with the collection of a consumer debt.  *See* Ohio Rev. Code § 1301.21; *Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24, 25 (6th Cir. 2007).[1]  Thus, Barany-Snyder contends, the attachment of the Credit Agreement—which stated that, upon default, "all signers immediately

---

[1]Defendants appear to argue that Ohio law does, in fact, permit the collection of attorney's fees with respect to a consumer debt.  To this end, defendants cite the Contracts Clause of the United States Constitution, and a coextensive provision in the Ohio Constitution, apparently for the proposition that Ohio Rev. Code § 1301.21 is unconstitutional.  The district court rejected this claim, stating, "Defendants make no attempt to develop this argument but instead boldly state that any law that limits a contract between a debtor and creditor violates these Constitutional constraints." *Barany-Snyder v. Weiner*, 2007 WL 210411, at *9 n.9 (N.D. Ohio Jan. 24, 2007).  Defendants have not made any attempt to elaborate upon this Contracts Clause argument on appeal, and, accordingly, we decline to consider it.

become, at the option of the college, liable for attorney fees and/or actual or reasonable collection costs"—violated certain provisions of the FDCPA prohibiting false, deceptive, or misleading representations in connection with the collection of a debt.

As noted above, Congress enacted the FDCPA to eliminate "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). "When interpreting the FDCPA, we begin with the language of the statute itself." *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999). As this court has noted, the FDCPA is "extraordinarily broad," crafted in response to what Congress perceived to be a widespread problem. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether particular conduct violates the FDCPA. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008) (quotation marks and citations omitted). Nonetheless, the standard "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 438-39 (quotation marks and citations omitted).[2]

Barany-Snyder alleges that defendants violated a number of FDCPA provisions, and we will address each in turn.

### A. *15 U.S.C. § 1692e(5) and (10)*

Section 1692e generally prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically at issue here are § 1692e(5), which proscribes "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and § 1692e(10), which similarly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(5), (10).

A panel of this court, in an unpublished opinion, recently addressed the application of § 1692e(5) and § 1692e(10) to a case somewhat similar to the instant action. *See Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24 (6th Cir. 2007) ("*Gionis II*"). In *Gionis*, a debt-collection law firm filed a complaint in Ohio state court in order to collect a credit card debt on behalf of a client. *Id.* at 25. Although the prayer for relief did not include a request for attorney's fees, an affidavit attached to the complaint stated as follows:

> The [credit card] agreement specifically provides that [the creditor] is entitled to recover, to the extent permitted by applicable law, its reasonable attorney's fees and costs incurred in any action to enforce its rights under the agreement.

*Id.* Given that Ohio law prohibits the collection of attorney's fees in connection with a "personal, family, or household debt," the *Gionis* debtor filed suit, alleging that the complaint, with its inclusion of the affidavit referencing attorney's fees, violated a number of provisions of the FDCPA. *Id.* The district court dismissed the debtor's claims with respect to §§ 1692e(2)(A), 1692e(2)(B), and 1692f(1), but found that the law firm was liable for violating § 1692e(5) and § 1692e(10). *See Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856, 864-69 (S.D. Ohio 2005) ("*Gionis I*").

---

[2]Defendants submit that the application of the "least sophisticated debtor" standard to the instant case is inappropriate because the Berea Reply Brief was served upon Barany-Snyder's counsel, rather than upon Barany-Snyder herself. In view of our conclusion that the district court correctly granted judgment on the pleadings with respect to Barany-Snyder's FDCPA claims, consideration of this argument is unnecessary.

On appeal, a panel of this court addressed only the arguments pertaining to § 1692e(5) and § 1692e(10). *Gionis II*, 238 F. App'x at 27-30.

The panel majority concluded that, in attaching the affidavit to the complaint, the law firm "made a 'threat to take an [ ] action that cannot legally be taken,' in violation of § 1692e(5), which also amounted to 'false representation or deceptive means to collect or attempt to collect a[ ] debt[,]' in violation of § 1692e(10)." *Id.* at 30 (quoting 15 U.S.C. § 1692e(5), (10)). In reaching this conclusion, the majority began by noting that "[i]n a strict sense" these subsections had not been violated, as the attorney's fees provision in the affidavit was qualified with the phrase "to the extent permitted by applicable law," and, moreover, the credit agreement at issue provided for the application of Arizona law—which allows for imposition of attorney's fees in the collection of a consumer debt. *Id.* at 28. Nonetheless, the majority, leaning heavily on the "least sophisticated consumer" standard, determined that the filing violated § 1692e(5) and § 1692e(10). The majority noted that this naive consumer would wonder, in response to receiving this complaint, "Why else . . . would [the law firm] attach this language to the complaint if Ohio law does *not* permit attorney fees here?" *Id.* (emphasis in original). The majority concluded that the filing would have an "intimidating effect on the least sophisticated consumer: [ ] she 'would be confused, and reasonably might feel pressured to immediately pay the debt, even if she disputed its validity, in order to avoid the possibility of having to also pay [the debt collector's] attorney fees at some later date.'" *Id.* at 29 (quoting *Gionis I*, 405 F. Supp. 2d at 867).

Significantly, the panel majority also distinguished the district court opinion in the instant action, *Barany-Snyder*. The majority noted that the affidavit in *Gionis* pointed out that the "agreement *specifically* provides" for recovery of attorney's fees, while in *Barany-Snyder*, there was no similar affidavit attached to the complaint. *Id.* at 29. Rather, in *Barany-Snyder*, defendants attached the entire credit agreement—"where no terms or conditions are 'specifically' isolated for the consumer's attention." *Id.* Thus, the *Gionis II* court concluded, the affidavit, with its isolated, attention-grabbing statement regarding attorney's fees, was "more threatening" than simply attaching the credit agreement in its entirety. *Id.*

Judge Steeh, dissenting, noted that "[t]here is no precedent supporting appellee's argument that a complaint which itself did not make claim to attorney's fees, appending an attachment which did not state an affirmative intention to collect attorney['s] fees, may nonetheless be found to have violated § 1692e(5) or (10)." *Id.* at 31. The dissent found no "meaningful distinction" between the *Barany-Snyder* credit agreement attachment and the affidavit attached to the *Gionis* complaint. *Id.* Thus, the dissent concluded that it could not find, "under the facts of this case, even the 'least sophisticated consumer' would conclude that defendant *threatened* to take illegal or unintended action, or [] that defendant used a *false representation or deceptive means* to collect or attempt to collect a debt." *Id.* at 32 (emphasis in original).

Without determining whether *Gionis II* was correctly decided, we conclude that *Gionis* and *Barany-Snyder* are factually distinguishable, and, accordingly, Barany-Snyder has failed to state a claim under either § 1692e(5) or § 1692e(10). An affidavit that highlights for the consumer's attention the attorney's fees provision in the underlying contract could, arguably, be misconstrued by the least sophisticated consumer as a threat to collect attorney's fees. Here, however, the Credit Agreement was attached in its entirety, and no provision was excerpted or drawn to the consumer's attention. "A consumer reading the Berea Complaint or the reply brief would have no reason to focus on or perceive a threat from an attorneys' fee provision buried in a lengthy contract." *Barany-Snyder*, 2007 WL 210411, at *8.

We agree that "[m]erely attaching an agreement which includes an attorneys' fee provision to a complaint and a brief does not constitute a threat to exercise that provision." *Id.* at *7. Although the least sophisticated consumer standard may in some instances protect the gullible and

the naive, it nonetheless "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Kistner*, 518 F.3d at 438-39 (quotation marks and citations omitted). Even the least sophisticated consumer, having read the Berea Complaint—which did not demand attorney's fees in its prayer for relief—would not believe that defendants were attempting to collect attorney's fees. To hold defendants liable in this case would require a "bizarre or idiosyncratic interpretation[]," *see id.*, of the Berea Complaint and the Berea Reply Brief; such an interpretation is not mandated by the least sophisticated consumer standard. Indeed, as the district court noted, adopting Barany-Snyder's position leads to the untenable conclusion that the attachment of a contract to a complaint or dunning letter is equivalent to a present threat to exercise every provision of that contract.

Accordingly, we conclude that the attachment of the Credit Agreement to the Berea Complaint and the Berea Reply Brief cannot be construed, even by the least sophisticated consumer, as a "threat to take any action that cannot legally be taken," *see* § 1692e(5), or as a "false representation or deceptive means" used "to collect or attempt to collect any debt," *see* § 1692e(10).

### B.  *15 U.S.C. § 1692e(2)(A) and (B)*

Additionally, Barany-Snyder argues that the attachment of the Credit Agreement violated 15 U.S.C. § 1692e(2)(A) and (B). Section 1692e(2) prohibits "[t]he *false* representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2) (emphasis added). Although the *Gionis II* panel did not have the opportunity to address this subsection of the FDCPA, the *Gionis I* court did assess liability under 15 U.S.C. § 1692e(2) in a scenario similar to that at issue here. *See Gionis I*, 405 F. Supp. 2d at 865.

According to the *Gionis I* court, while attachment of an affidavit asserting a *possible* entitlement to attorney's fees might have been misleading and deceptive to the least sophisticated consumer, this conduct simply did not amount to a *false* representation in violation of § 1692e(2). *Id.* ("Neither the complaint nor the affidavit asserts an absolute entitlement to attorney fees, or contains any false statements about the amount owed."). Likewise, in the instant case, neither the Berea Complaint, the Berea Reply Brief, or the attached Credit Agreement assert an absolute entitlement to attorney fees or contain any false statements about the amount owed. *Compare Gionis I*, 405 F. Supp. 2d at 865 *with Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 802 (S.D. Ohio 2006) (holding that § 1692e(2)(B) was violated where complaint explicitly stated an "absolute entitlement" to attorney's fees, even though such fees were prohibited by Ohio law, and distinguishing *Gionis I*). Rather, the Berea Complaint accurately states the total amount due and makes no mention of attorney's fees, and the attached Credit Agreement merely notes that, upon default, attorney's fees may be added "at the option of the college." We therefore conclude that Barany-Snyder has failed to state a claim with respect to §1692e(2).

### C.  *15 U.S.C. § 1692f(1)*

Finally, Barany-Snyder asserts that defendants "attempted to collect an amount in excess of what [she] lawfully owed," in violation of 15 U.S.C. § 1692f(1). Section 1692f(1) proscribes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Defendants, however, never made any attempt to collect attorney's fees at any point during the state court proceedings, and none were awarded. *See Gionis I*, 405 F. Supp. 2d at 866 (finding no violation of § 1692f where "[i]t is undisputed that the complaint does not include attorney fees in its prayer for relief, and Plaintiff has not alleged that Defendant made any other effort to collect attorney fees from her"). Consequently, Barany-Snyder has failed to state a claim as to § 1692f(1).

## V.

Because we have determined that Barany-Snyder has failed to state a claim under the FDCPA, we decline to reach defendants' arguments regarding their alleged entitlement to litigation immunity.

## VI.

For the reasons set forth above, we affirm the judgment of the district court.