NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2008[*]
Decided December 11, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-1725

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> JULIE HARRIS, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 06 C 2996 <br><br> Robert W. Gettleman, <br> *Judge*. |

**O R D E R**

Julie Harris appeals from a judgment on the pleadings requiring her to pay criminal restitution under the False Claims Act, 31 U.S.C. § 3729, after she pleaded guilty to making a false statement to a government agency in violation of 18 U.S.C. § 1001(a)(2). We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

In May 2007, Julie Harris pleaded guilty to making a false statement in connection with the Housing Choice Voucher Program of the U.S. Department of Housing and Urban Development.  According to her plea agreement, she admitted to falsely declaring that no one in her household was employed, when in fact she was employed as a construction worker.  She was sentenced to five years' probation and ordered to pay $32,272 in restitution to HUD.

In May 2006, the government separately filed a civil complaint against Harris seeking damages under the False Claims Act, based on the same conduct.  Under that act, the defendant may be liable for a civil penalty of not less than $5500 and not more than $11,000 for each of the false claims, plus three times the amount of damages sustained by the government.  31 U.S.C. § 3729(a)(1); 28 C.F.R. § 85.3(a)(9).

The government sought judgment on the pleadings, *see* FED. R. CIV. P. 12(c), arguing that it was entitled to judgment because Harris was estopped from denying the essential elements of the criminal offense to which she pleaded guilty.  In response, she argued that judgment on the pleadings was inappropriate because of discrepancies in the dates in the civil complaint and because her plea did not contain an admission that the criminal restitution was the actual amount she had defrauded the United States.

The district court granted the government's motion, determining that the False Claims Act estopped Harris from denying her civil liability based on her criminal guilty plea.  *See* 31 U.S.C. § 3731(d).  Although she pleaded guilty to only one count of making false statements, her guilty plea included her admission to making false statements in four consecutive years, and the court was entitled to treat the plea agreement as a judicial admission.  Thus, the court assessed the minimum penalty of $5500 for each of the four statements, or $22,000, plus three times the damages sustained by the government—$32,272, or $96,816—amounting to $118,816.

On appeal, Harris does not challenge the substance of the district court's judgment, and instead argues only that the amount of the civil judgment is "excessive," an apparent reference to the Eighth Amendment's prohibition on excessive fines.  However, this issue was not adequately presented to the district court, and was thus forfeited.  Although Harris—who was represented by counsel below—did assert an excessive-fine claim as an affirmative defense in her answer, this defense was not raised in her response to the government's motion for judgment on the pleadings.  A federal appellate court, as a rule, does not consider arguments not first passed upon by the district court.  *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2618 (2008); *Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 652 (7th Cir. 2007).  And this rule applies with equal force to arguments asserted only in an answer but not in a motion—or response to a motion—for judgment on the pleadings, as the case may

be.  *Barany-Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008); *Hous. Auth. Risk Retention Group, Inc. v. Chicago Hous. Auth.*, No. 02 C 4474, 2003 WL 22282385, at *1 n.1 (N.D. Ill. Sept. 30, 2003), *aff'd* 378 F.3d 596 (7th Cir. 2004).

AFFIRMED.