**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1066n.06

No. 11-4163

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Oct 10, 2012**

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LEANNA J. WEBB, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| ASSET ACCEPTANCE, LLC, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:  SUTTON and GRIFFIN, Circuit Judges; WELLS, District Judge.[*]

PER CURIAM.  Leanna J. Webb appeals the district court's order and opinion granting summary judgment to Asset Acceptance, LLC.

In 2005, Webb opened a credit card account with National City Bank.  She closed the account in 2006.  In 2009, Asset Acceptance filed a complaint against Webb in a Kentucky state court, alleging that it had purchased Webb's credit card account from National City Bank and that she had failed to pay the outstanding balance.  Asset Acceptance included with its complaint both a one-page account statement containing information about Webb's account and an affidavit from Judy Melasi, a supervisor at Asset Acceptance, supporting the allegations in the complaint.

---

[*]The Honorable Lesley B. Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

Webb and a co-plaintiff subsequently filed a complaint against Asset Acceptance and several of its employees in the United States District Court for the Southern District of Ohio. In the second amended complaint, which omitted as parties Webb's co-plaintiff and the individual defendants, Webb alleged that Asset Acceptance violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by attaching to its state-court complaint the affidavit prepared by Melasi, who had no personal knowledge of the alleged debt, and the account statement that was made to look like a monthly credit card statement. The district court granted summary judgment to Asset Acceptance, concluding that the Melasi affidavit was not deceptive because it was based on her review of relevant business records and that the account statement was not deceptive because the least sophisticated consumer would not mistake it for a monthly credit card statement.

On appeal, Webb argues that the district court erred by concluding that the affidavit and account statement were not deceptive and misleading under the FDCPA. We review de novo a district court's grant of summary judgment. *Franklin v. Kellogg Co.*, 619 F.3d 604, 610 (6th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We construe the facts in the light most favorable to the non-moving party. *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).

The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means when attempting to collect a debt or using unfair or unconscionable means when attempting to collect a debt. *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009). "Courts use the 'least sophisticated consumer' standard, an objective test, when assessing

whether particular conduct violates the FDCPA." *Id.* at 611-12 (quoting *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)).

The district court properly granted summary judgment to Asset Acceptance because there was no genuine dispute as to any material fact and the Melasi affidavit and account statement were not deceptive or misleading. The Melasi affidavit was not deceptive or misleading because Melasi did not purport to have personal knowledge of whether Webb owed a debt to National City Bank. Rather, the affidavit stated that Asset Acceptance purchased Webb's account from National City Bank and that a certain sum was due on the account, "representing the charged off amount and interest." Similarly, the account statement was not deceptive or misleading because the least sophisticated consumer would not have confused it with a monthly credit card statement. The account statement clearly disclosed that it was from Asset Acceptance, not National City Bank, and that it was a communication from a debt collector. Further, the account statement lacked entries that would typically appear on a monthly credit card statement and instead identified items such as the "charge off amount," the date of delinquency, and the date Asset Acceptance purchased the account.

Accordingly, we affirm the district court's judgment.