NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0808n.06

No. 11-4400

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Sep 05, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,              )
                                       )
    Plaintiff-Appellee,              )
                                       )
v.                                     )    ON APPEAL FROM THE UNITED
                                       )    STATES DISTRICT COURT FOR
FORREST S. TWIGHT,                     )    THE NORTHERN DISTRICT OF
                                       )    OHIO
    Defendant-Appellant.             )
                                       )
                                       )

Before:  GIBBONS, SUTTON, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.   Forrest Twight pled guilty to knowing transportation of a minor in interstate commerce with intent to engage in criminal sexual activity, in violation of 18 U.S.C. §2423(a), and traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. §2423(b).  The district court sentenced Twight to 220 months' imprisonment.  He now argues that his counsel was ineffective and that his sentence was substantively unreasonable.  We affirm.

I.

In Summer 2010, the 14-year-old victim met 34-year-old Forrest Twight on an Internet chat room.  Their communication soon included cellular telephone calls, text messaging, Skype, and Facebook.  Twight learned the victim's age.  Their conversations grew sexually explicit.  At some

point, the victim sent Twight five naked images of herself, which were later discovered on Twight's thumb drive. In October 2010, Twight flew to see the victim in Ohio. He met her at her residence and took her to a motel, where they had sex. The following month, Twight drove the victim from Ohio to his apartment in Texas, where again they had sex. The victim's family reported her missing. FBI agents eventually found her with Twight in Texas, where Twight was arrested.

The government charged Twight with transportation of minors with intent to engage in criminal sexual activity and travel with intent to engage in illicit sexual conduct. Twight initially pled not guilty. After trial began, Twight entered a change of plea. Thereafter, the district court granted three continuances of sentencing but denied a fourth. In December 2011, the court sentenced Twight to 220 months' imprisonment, a sentence higher than the one advocated by the government as part of Twight's guilty plea, but within the Guidelines range of 188 to 235 months. This appeal followed.

II.

Twight argues that the district court should have granted him a fourth continuance before sentencing him in December 2011. "We review denial of a motion for a continuance for abuse of discretion." *United States v. Garner*, 507 F.3d 399, 408 (6th Cir. 2007). On this issue, the trial court's discretion is "broad[.]" *Morris v. Slappy*, 461 U.S. 1, 11 (1983).

Twight's request for a continuance came after a November 2011 hearing in which he disputed a number of points in his presentencing report. After that hearing, Twight retained new counsel, who moved for a continuance for seven days. The district court denied the motion, stating that, if Twight wanted to withdraw his plea, he could do so. Twight now contends that the continuance was

necessary to allow counsel to prepare a sentencing memorandum and to file a motion to strike Twight's remarks from the November sentencing hearing, among other tasks. But the problems that Twight sought to remedy through the continuance were largely a result of his own statements at the November 2011 hearing. The district court was not obligated to rescue Twight from the consequences of those statements. The court's denial of a fourth continuance, therefore, was not an abuse of its broad discretion.

Twight also challenges the substantive reasonableness of his sentence. "We review a district court's sentencing decision for substantive reasonableness under the abuse-of-discretion standard." *United States v. Shaw*, 707 F.3d 666, 674 (6th Cir. 2013). "A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *Id.* (citation and internal quotation marks omitted)

Twight's Guidelines range was 188 to 235 months' imprisonment, a range he does not contest. The district court sentenced Twight to a within-Guideline sentence of 220 months, which means his sentence is presumptively reasonable. *See Rita v. United States,* 551 U.S. 338, 347 (2007). Twight does not offer any specific arguments as to whether the district court put excessive weight on any of the sentencing factors or otherwise improperly applied 18 U.S.C. § 3553(a). He just says his sentence is too long. His argument is meritless. *See United States v. Warman*, 578 F.3d 320, 351 (6th Cir. 2009).

Twight also asserts in passing that his sentence is procedurally unreasonable. But he does not develop that argument, so we need not consider it here. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008).

Finally, Twight argues that his trial counsel was ineffective. "[O]rdinarily we will not review a claim of ineffective assistance of counsel on direct appeal because the record is usually insufficient to permit adequate review of such a claim. These claims are [thus] more properly raised in a postconviction proceeding brought pursuant to 28 U.S.C. § 2255." *United States v. McCarty*, 628 F.3d 284, 295 (6th Cir. 2010) (internal quotations omitted). This claim is no exception. Twight complains about his attorney's representation with respect to Twight's sentencing. The record here is not developed as to why Twight's attorney made the decisions he did. We therefore decline to consider Twight's ineffective-assistance claim on direct appeal. *See id*. at 296.

The district court's judgment is affirmed.