**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1079**

DANIEL PATRICK,

Plaintiff - Appellant,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES; THOMAS
BRANDON, In his official capacity; UNITED STATES OF AMERICA; MERRICK
B. GARLAND,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at
Raleigh.  Terrence W. Boyle, District Judge.  (5:19−cv−00052−BO)

Argued:  March 10, 2021               Decided:  May 27, 2021

Before KING, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Daniel Woofter, GOLDSTEIN & RUSSELL, P.C., Bethesda, Maryland, for
Appellant.  Bradley Alan Hinshelwood, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:**  Raymond M. DiGuiseppe, THE
DIGUISEPPE LAW FIRM, P.C., Southport, North Carolina; Thomas C. Goldstein,
GOLDSTEIN & RUSSELL, P.C., Bethesda, Maryland, for Appellant.  Ethan P. Davis,
Acting Assistant Attorney General, Sopan Joshi, Senior Counsel to the Assistant Attorney
General, Scott R. McIntosh, Civil Division, UNITED STATES DEPARTMENT OF

JUSTICE, Washington, D.C.; Robert J. Higdon, Jr., United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, Daniel Patrick contests the district court's dismissal of his complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The court held that Patrick lacked standing to challenge a rule prohibiting the possession of "bump-stock" devices[1] that convert certain semiautomatic firearms into unlawful "machineguns" (the Rule). The Rule was issued by former Acting United States Attorney General Matthew Whitaker under the Attorney General's rulemaking authority. According to Patrick, Whitaker improperly was designated by the President of the United States to serve as Acting Attorney General and, therefore, lacked authority to issue the Rule, which later was ratified by Attorney General William P. Barr.

We agree with the district court's conclusion that Patrick lacked standing to assert his claims for injunctive and declaratory relief. First, Patrick's asserted injury, being required to surrender his bump-stock device to federal authorities, is not redressable because he did not challenge Attorney General Barr's later ratification of the Rule. Second, Patrick's additional claim, in which he challenges the Executive Branch's alleged "ongoing policy" of improperly appointing agency officers, is too speculative to constitute the assertion of a concrete and particularized injury. We therefore affirm the district court's judgment dismissing Patrick's complaint for lack of standing.

---

[1] A bump-stock is a device that allows a semiautomatic firearm to produce automatic fire with a single pull of the trigger. *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 7 (D.C. Cir. 2019).

I.

In November 2018, after Attorney General Jefferson B. Sessions, III resigned his position, President Donald J. Trump invoked a provision of the Federal Vacancies Reform Act of 1998, 5 U.S.C. § 3345(a)(3) (the Reform Act), to designate Matthew Whitaker to serve as Acting United States Attorney General. The Reform Act permits the President to direct an officer or employee of an agency to serve temporarily in a vacant office "in an acting capacity," without confirmation by the United States Senate. 5 U.S.C. § 3345(a)(3). Notably, however, the Reform Act is not applicable if another "statutory provision expressly . . . designates an officer or employee to perform the functions and duties of a specified office temporarily in an acting capacity." *Id.* § 3347(a)(1)(B). Relevant here, 28 U.S.C. § 508(a) specifies that the Deputy Attorney General "may exercise all the duties" of the Attorney General and, for purposes of the Reform Act, the Deputy Attorney General is considered "the first assistant to the Attorney General."

At the time of Whitaker's designation, Rod Rosenstein served as the Deputy Attorney General. Nonetheless, Whitaker, who had been serving as Chief of Staff to Attorney General Sessions, was designated as Acting Attorney General by President Trump from November 8, 2018 until February 14, 2019. On the latter date, William P. Barr was confirmed as Attorney General with the consent of the United States Senate,

4

pursuant to the Appointments Clause in Article II, Section 2 of the United States Constitution.[2] 165 Cong. Rec. S1397-02 (2019).

On December 18, 2018, Whitaker, during his brief tenure as Acting Attorney General, issued the Rule, which modified an earlier rule promulgated by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). Bump-Stock-Type Devices, 83 Fed. Reg. 66,514, 66,514 (Dec. 26, 2018) (codified in part in 27 C.F.R. pts. 447, 478, 479). The Rule, which was published on December 26, 2018, specified that firearms with attached bump-stock devices qualify as "machineguns" under 18 U.S.C. § 922(o). *Id.* at 55,514-15. Under Section 922(o), individuals are prohibited from transferring or possessing "a machinegun," which is defined in part as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b); *see also* 8 U.S.C. § 922(o) (stating that 26 U.S.C. § 5845 provides the operative definition for "machinegun"). The Rule required that any individual possessing a bump-stock device destroy it or deliver the device to an ATF office before March 26, 2019. 83 Fed. Reg. at 66,514, 66,543.

Patrick owned a bump-stock device before the Rule was issued by Acting Attorney General Whitaker. In February 2019, he filed suit in the district court against Whitaker, ATF, the Acting Director of ATF, and the United States (collectively, the defendants, or the government). In his initial complaint, Patrick sought both preliminary and permanent

---

[2] The Appointments Clause requires the President to nominate and appoint, with the advice and consent of the United States Senate, officers of the United States. U.S. Const. art. II, § 2, cl. 2.

injunctive relief barring implementation of the Rule, based on his claim that Whitaker's appointment was invalid. Patrick also alleged that the Rule "presently deprives" him of his property rights by requiring him to surrender to ATF his bump-stock device.

On March 14, 2019, Attorney General Barr ratified in full the Rule, after conducting an independent evaluation of the record and "without [affording] any deference to [Whitaker's] earlier decision." Bump-Stock-Type Devices, 84 Fed. Reg. 9,239, 9240 (Mar. 14, 2019) (codified in part in 27 C.F.R. pts. 447, 478, 479). Attorney General Barr took this action "out of an abundance of caution," in the event that Whitaker's designation had been improper. *Id.* Notably, when a President designates a temporary agency officer in violation of the Reform Act, any official action taken by that officer has "no force or effect" and "may not be ratified." *See* 5 U.S.C. § 3348(a)(1), (a)(2)(A), (d).

After Attorney General Barr's action ratifying the Rule, Patrick moved to withdraw his request for a preliminary injunction based on "Attorney General William Barr's order ratifying the [Rule]." Patrick ultimately filed a second amended complaint (the complaint), which is the operative complaint that we consider in this appeal.

In the complaint, Patrick alleges two causes of action. First, Patrick seeks a declaratory judgment that the Rule is unconstitutional and was unlawful from its "inception" on December 18, 2018 (the constitutional claim). Patrick alleges that his constitutional claim is unaffected by Attorney General Barr's ratification of the Rule on March 14, 2019, because that ratification did not cure Patrick's injury of having to surrender his bump-stock device to ATF as required by the original implementation of the Rule. Second, Patrick seeks to enjoin the Executive Branch's purported policy of using

6

the Reform Act to designate an employee like Whitaker, who was not confirmed by the Senate, to act as a principal officer when a "first assistant" to the former appointee was authorized by a separate statute to serve in an acting capacity (the policy claim).

The defendants filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that Patrick lacked standing to bring these claims. The district court granted the defendants' motion and dismissed the complaint. Patrick appeals from the district court's judgment.

II.

Our standard of review is well-established. We consider de novo a district court's dismissal of a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. *Blanco Ayala v. United States*, 982 F.3d 209, 213 (4th Cir. 2020).

A party's ability to establish standing is a necessary component of the court's jurisdiction to hear "cases and controversies" under Article III of the Constitution. *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). A plaintiff must satisfy three elements to establish standing. First, the plaintiff must demonstrate an "injury in fact," or an invasion of a legally protected interest. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). This injury must be "concrete and particularized," and be "actual and imminent, not conjectural or hypothetical." *Id.* (internal quotation marks omitted). Second, there must be a causal connection between the alleged injury and the defendant's conduct. *Id.* Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted). Because a plaintiff must

7

demonstrate standing for each claim asserted, we address separately Patrick's constitutional claim and his policy claim. *Md. Shall Issue, Inc. v. Hogan*, 971 F.3d 199, 209 (4th Cir. 2020).

A.

We first address the question whether Patrick established standing to bring his constitutional claim. Patrick alleged in the complaint that his property rights were violated by the Rule over an approximately three-month period, beginning when the Rule was issued by Acting Attorney General Whitaker until the date the Rule later was ratified by Attorney General Barr. But, now modifying his argument on appeal, Patrick argues that his challenge in the district court to the Rule as issued by Whitaker necessarily encompassed the Rule as later ratified by Attorney General Barr and the validity of Barr's act of ratification. We disagree with Patrick's argument.

Patrick's constitutional claim seeking a declaratory judgment does not state an ongoing, actual controversy. Patrick cannot establish standing by alleging a past injury because such injury is not redressable by means of a declaration. *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454 (4th Cir. 2017); *Comite de Apoyo a los Trabajadores Agricolas (CATA) v. U.S. Dep't of Lab.*, 995 F.2d 510, 513 (4th Cir. 1993). The declaration sought by Patrick, that the Rule was invalid when issued by Acting Attorney General Whitaker, would not presently "affect[] the behavior of the defendant towards the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987). Therefore, the declaration Patrick requested in the complaint would have no impact on the current status of the Rule, given

8

its later ratification by Attorney General Barr. *See Lujan*, 504 U.S. at 564; *Nanni*, 878 F.3d at 454.

We reject Patrick's attempt to repackage his argument on appeal to include an allegation of ongoing injury. In his complaint, which he amended twice after Attorney General Barr's ratification of the Rule, Patrick explicitly elected not to challenge the current version of the Rule or Attorney General Barr's act of ratification. To the contrary, Patrick clearly stated in the complaint that his injury occurred "during the period between" the Rule's initial issuance by Acting Attorney General Whitaker and Attorney General Barr's later ratification of the Rule. Patrick also alleged in the complaint that his constitutional claim stood "wholly apart from Barr's ratification" of the Rule.

Moreover, after the government observed in its motion to dismiss in the district court that Patrick "does not contest the validity of the ratification," Patrick did not dispute this point in his responsive pleading or in his motion for summary judgment. Nor did Patrick seek to amend his complaint again to include a challenge to Barr's ratification of the Rule. Instead, Patrick contended that the voluntary cessation doctrine permitted review of his claim, because the government voluntarily ceased its unlawful conduct related to the appointment of Whitaker.

The voluntary cessation doctrine, however, applies to the separate question whether a plaintiff's claims have been rendered moot by the defendant's actions. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998). The doctrine may not be employed "as a substitute for the allegation of present or threatened injury upon which initial standing

9

must be based." *Id*. Thus, the voluntary cessation doctrine is not relevant to the present determination whether Patrick has established standing to file suit.

Patrick fares no better by relying on an argument he untimely raised in his reply brief in the district court supporting his motion for summary judgment. There, citing 5 U.S.C. § 3348(a)(2), (d), for the first time, Patrick argued that "the [R]ule could not be ratified" by Attorney General Barr "if [Acting Attorney General] Whitaker was serving in violation of" the Reform Act. We do not credit Patrick's untimely argument, because arguments raised for the first time in a party's reply brief generally are insufficient for consideration by the district court and are not reviewable on appeal. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 331-32 (6th Cir. 2008); *Zamari v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Moreover, upon our review of the full record, including Patrick's two amended complaints, we observe that Patrick has maintained from the outset that he challenges the Rule only as initially issued by Acting Attorney General Whitaker, based solely on Whitaker's purportedly improper designation to the position under the Reform Act. Without challenging the Rule currently in effect, or the validity of Attorney General Barr's ratification of that Rule, Patrick's asserted injury constitutes a past harm that cannot be redressed by a declaratory judgment. *See Nanni*, 878 F.3d at 454; *CATA*, 995 F.2d at 513. We therefore hold that Patrick lacked standing to assert a claim for declaratory relief because he failed to challenge the Rule as ratified by Attorney General Barr.

B.

10

We next consider Patrick's argument that he established standing to bring his policy claim, challenging the Executive Branch's potential future, allegedly unlawful use of the Reform Act to appoint temporary agency officers. According to Patrick, future gun-control regulations likely will be promulgated by improperly appointed agency officials, whose temporary appointment is governed by a statute specific to that agency. In support of his argument that his claim is not speculative, Patrick relies on the many instances of allegedly unlawful appointments that occurred during President Trump's administration and the current large number of vacant agency offices. Thus, Patrick submits that he sufficiently alleged an injury in asserting the policy claim. We disagree with Patrick's argument.

As we already have explained, to establish standing, a party is required to show a concrete, particularized injury that is actual and imminent, not hypothetical or conjectural. *See Lujan*, 504 U.S. at 561. Additionally, when a plaintiff's purported injury is one that has not yet occurred, the injury must be "certainly impending"; an allegation of a "possible future injury" is not sufficient. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409-10 (2013) (emphasis omitted). When a plaintiff's allegation of a future injury rests on a "highly attenuated chain of possibilities," that threatened injury is not imminent or "certainly impending." *Id.* at 410.

We agree with the district court's assessment that there are "[t]oo many circumstances or events that must come to pass" before Patrick's allegation of future injury could qualify as certainly impending. First, there would have to be a vacancy in a leadership position of an agency. In addition to temporarily filling such a vacancy, the President would have to appoint an individual to fill that temporary position in the manner

11

Patrick submits is unconstitutional, namely, by relying on the Reform Act when a more specific statute designates the proper individual to serve in the temporary leadership position. And, even if one such Presidential appointment were improper, the improperly appointed agency leader also would have to take an action related to gun control that causes injury specific to Patrick. This string of hypothetical contingencies simply is insufficient to demonstrate a real and particularized injury for purposes of standing. *See Lujan*, 504 U.S. at 561; *Clapper*, 568 U.S. at 409-10. Accordingly, we affirm the district court's dismissal of the policy claim.

III.

For these reasons, we conclude that Patrick failed to demonstrate Article III standing to bring his claims. We therefore affirm the district court's judgment dismissing Patrick's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

*AFFIRMED*