NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0581n.06

Nos. 20-4017/4018

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| DERRICK WHEATT, et al., | ) | |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| CITY OF EAST CLEVELAND, OHIO, et al., | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendants-Appellants. | ) | |
| | ) | |

Before: BATCHELDER, ROGERS, and WHITE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** In this 42 U.S.C. § 1983 action Defendants Michael Perry and Vincent Johnstone appeal the jury's verdict finding that they had violated the due process rights of the plaintiffs, leading to the plaintiffs' wrongful murder convictions. The sole issue in this appeal is whether in charging the jury the district court erred by including a fabrication-of-evidence instruction. Because there was sufficient evidence to support the instruction, and because any error was harmless, we AFFIRM the judgment of the district court.

**I.**

The plaintiffs in this case, Derrick Wheatt, Laurese Glover, and Eugene Johnson, were convicted of murder in 1996. Nearly twenty years later, in 2015, they were exonerated after it was discovered that Michael Perry[1] and Vincent Johnstone ("Defendants"), two police detectives for

---

[1] Michael Perry passed away in 2018. His wife and executor of his estate, Karen Perry, was substituted in his place as defendant.

the City of East Cleveland, had withheld exculpatory evidence. Plaintiffs filed suit under 42 U.S.C. § 1983 in February 2017, claiming, among other things, that Defendants had violated their Fourteenth Amendment rights to due process by withholding exculpatory evidence, conducting an unduly suggestive photo identification, and falsifying in a police report a young witness's statement.[2] Relevant to this appeal is Plaintiffs' theory that Defendants falsified the account of Tamika Harris, a then-14-year-old eyewitness to the murder.

## A. The Criminal Trial

In 1995, Clifton Hudson was shot and killed on the street in East Cleveland, Ohio. Plaintiffs witnessed the shooting while they were at a stop sign in a vehicle owned by Glover. Tamika Harris also witnessed the shooting, and Defendants took her statement the day after the shooting. Perry typed Harris's statement, and Johnstone witnessed it. The statement included Harris's description of the shooter and indicated that Harris saw the shooter get out of, and back into, a vehicle that matched the description of Glover's vehicle.[3] Harris affirmed this account when she testified at Plaintiffs' criminal trial. Based primarily on this testimony, Plaintiffs were convicted of murder in 1996.

Years later, however, Harris recanted her testimony. She claims that she never told Defendants that she clearly saw the shooter, saw the shooter get into or out of a vehicle, or that she heard gunshots coming from the vehicle at the scene. Harris claims that she told Defendants only

---

[2] Plaintiffs also brought claims against the City of East Cleveland, Cuyahoga County, and other state officials, but each of those claims was either dismissed by the district court or settled by the parties.

[3] That same day, Perry typed up a police report, which stated in part that:

> [Harris] was then shown three photo's [sic] of the arrested males and Harris positively identified the photo of a black male, wearing a maroon and green down jacket and hooded sweatshirt as the male being the same male she observed shoot the victim on Strathmore, and the same male she observed run down Manhattan and enter the black Blazer that came from Strathmore.

that she saw the shooter approach the victim on foot and that her view of where the shooter came from was obstructed by Glover's vehicle. Harris revealed that she originally testified against Plaintiffs in accordance with her typed statement because she "thought that's what [she] was supposed to do." Despite this recantation, Plaintiffs were not exonerated until 2015, after they discovered that Defendants had withheld exculpatory evidence during their criminal prosecution.

## B. The Civil Trial

The district court held a three-day jury trial in November 2018, and Plaintiffs presented evidence of Harris's eyewitness account, her 1995 statement, and her subsequent recantation. Plaintiffs argued that this evidence proved that Defendants falsified Harris's 1995 statement and wrongfully used it to convict Plaintiffs of murder and deprive them of a fair trial. At the close of the evidence at trial, Plaintiffs requested that the district court include a fabrication-of-evidence jury instruction. Outside the presence of the jury, the district court and the parties briefly discussed the need for the instruction, but Defendants never formally objected to the instruction. After a recess to consider the propriety of the instruction, the district court decided to include it and charged the jury, in relevant part, as follows:

> Now, plaintiffs' second claim is that Defendants Perry and Johnstone violated their constitutional rights to due process by fabricating the evidence or concealing, withholding, or suppressing evidence favorable to them.
>
> To succeed on this claim, as to the particular defendant you are considering, each plaintiff must prove by a preponderance of the evidence that the defendant prevented plaintiff from receiving a fair trial because . . . evidence unfavorable to the plaintiff was knowingly fabricated or . . . evidence favorable to the plaintiff was knowingly withheld, suppressed, or concealed from the plaintiffs, his defense lawyer, or the prosecutor.

The jury found Defendants liable and awarded each Plaintiff $5,000,000 in compensatory damages.[4]   After the district court denied Defendants' post-trial motions and entered final judgment on the verdict, Defendants appealed.

**II.**

On appeal, Defendants argue for a new trial on the ground that the district court erroneously charged the jury with a fabrication-of-evidence instruction.  Defendants contend that the evidence presented at trial—namely, the testimony of Harris—did not support such a jury charge.[5]   We disagree.

District courts have discretion in charging the jury, *United States v. Prince*, 214 F.3d 740, 761 (6th Cir. 2000), but they generally may not include an instruction "if it lacks evidentiary support or is based upon mere suspicion or speculation," *United States v. James*, 819 F.2d 674, 675 (6th Cir. 1987) (quotation omitted); *see also Jones v. Consol. Rail Corp.*, 800 F.2d 590, 592 (6th Cir. 1986).  We have emphasized, though, that a district court's decision to give a particular jury instruction need only be supported by "a slim amount of evidence." *Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 387 (6th Cir. 2008).

Ordinarily, we review these decisions for abuse of discretion.  *United States v. Capozzi*, 723 F.3d 720, 725 (6th Cir. 2013).  But where, as here, the defendant fails to make a proper objection at trial to the jury instructions, we review for plain error.  Fed. R. Civ. P. 51(d)(2); *Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 736 (6th Cir. 2016).  An objection to a jury

---

[4] For each Plaintiff, the jury returned a verdict against Perry for $3,500,000 and Johnstone for $1,500,000.

[5] Remarkably, other than to argue for a de novo standard of review, Defendants do not provide the court with a single case to support their argument on appeal.  The cases that are cited in the three-page argument section of Defendants' opening briefs are cited summarily and lay out an incorrect legal standard.  Contrary to Defendants' claim, we do not review the district court's decision de novo because Defendants do not challenge the legal accuracy of the jury instruction. *See United States v. Pritchard*, 964 F.3d 513, 522 (6th Cir. 2020).

instruction is preserved for appeal if it is "sufficiently specific to bring into focus the precise nature of the alleged error." *Libbey-Owens-Ford Co. v. Ins. Co. of N. Am.*, 9 F.3d 422, 427 (6th Cir. 1993) (quoting *Palmer v. Hoffman*, 318 U.S. 109, 119 (1943)). In other words, Defendants were required to "stat[e] distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). Defendants' vague statements regarding Harris's testimony and their implication that they "would object if [the instruction] is included" are insufficient to meet this standard.[6] We have defined plain error "as an 'obvious and prejudicial error that requires action by the reviewing court in the interest of justice.'" *E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1076 (6th Cir. 2015) (quotation omitted).

We find no plain error. Through the testimony of Harris, Plaintiffs presented more than sufficient evidence to support the district court's decision to give the fabrication-of-evidence instruction. Harris's recantation, coupled with her testimony of what she says she told the Defendants in 1995, raises a reasonable inference that Defendants knowingly falsified her statement in a way that inculpated Plaintiffs. Harris's 1995 statement, written by Perry and witnessed by Johnstone, contains allegations that Harris now says she never made to the officers. This inconsistency, of course, does not definitively prove that Defendants knowingly fabricated evidence. But it does reasonably support that accusation—and it is therefore sufficient to uphold the district court's decision to give the instruction. *See United States v. Baumgartner*, 581 F. App'x 522, 534 (6th Cir. 2014) (affirming the district court's decision to give a jury instruction because "the evidence suggested that an inference of [the conduct underlying the instruction] was reasonable"); *United States v. Darji*, 609 F. App'x 320, 336 (6th Cir. 2015) (finding "no error

---

[6] It is also noteworthy that Defendants' argument on appeal does not appear anywhere in their pre-verdict Rule 50(a) motion or in their post-trial Rule 59 and Rule 60 motions.

because substantial evidence supported the district court's decision to give the instruction"); *Taylor*, 517 F.3d at 387. The district court did not plainly err.

Moreover, any error in giving the instruction was harmless. We have held that even when an instruction is unsupported by the evidence, it is harmless error if the instruction properly states the law and there is sufficient evidence to support an alternative ground for liability. *United States v. Mari*, 47 F.3d 782, 785–86 (6th Cir. 1995). We have consistently reasoned that, in such a situation, we must assume that the jury followed the jury charge and did not reach a verdict based on an unsupported theory. *Id.* at 787 ("To conclude otherwise, . . . we would have to assume that the jury ignored the jury instructions."); *United States v. Monus*, 128 F.3d 376, 390–91 (6th Cir. 1997); *United States v. Rayborn*, 491 F.3d 513, 520–21 (6th Cir. 2007); *see also Griffin v. United States*, 502 U.S. 46, 59–60 (1991) (explaining that, while it is "generally . . . preferable" that courts do not instruct jurors on "alternative legal theor[ies]" that lack evidentiary support, jurors are nevertheless "well equipped to analyze the evidence" for themselves when presented with "factually inadequate theor[ies]"); *Sochor v. Florida.*, 504 U.S. 527, 538 (1992) (declining to presume error where the jury was "allowed to rely on any of two or more independent grounds, one of which [was] infirm," because the jury is "likely to disregard an option simply unsupported by evidence").

Likewise, here, we assume that the jury followed the district court's instructions and reached a verdict based on a theory that was supported by the evidence. As reflected in the jury instructions, Plaintiffs' due process claim was based on two independent theories: first, that Defendants fabricated inculpatory evidence, and second, that Defendants withheld, suppressed, or concealed exculpatory evidence. The court's instruction on that claim read: "plaintiffs second claim is that Defendant Perry and Johnstone violated their constitutional rights to due process by

6

fabricating the evidence *or* concealing, withholding, or suppressing evidence favorable to them."

Because neither Defendant challenges the legal accuracy of the instruction nor argues that there is

insufficient evidence to support Plaintiffs' second theory, the jury verdict stands. The verdict is,

at worst, still supported by Plaintiffs' suppression-of-evidence theory, and any error was harmless.

To the extent that Defendants challenge the verdict form, generally we will not address

arguments raised for the first time on appeal. *Frazier v. Jenkins*, 770 F.3d 485, 497 (6th Cir. 2014).

We decline to do so here, especially given that Defendants devote only one paragraph to this

argument and, again, cite no supporting authority. *Barany-Snyder v. Weiner*, 539 F.3d 327, 331

(6th Cir. 2008) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived.") (quotation omitted).

### III.

For these reasons, we AFFIRM the judgment of the district court.