Josephine RUTYNA, Plaintiff,

v.

COLLECTION ACCOUNTS TERMINAL, INC., Defendant.

No. 78 C 4545.

United States District Court, N. D. Illinois, E. D.

Aug. 16, 1979.
Order on Damages Oct. 12, 1979.

Alan A. Alop, Charles A. Linn, Chicago, Ill., for plaintiff.

Thomas D. Chase, W. Dundee, Ill., for defendant.

## DECISION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

McMILLEN, District Judge.

█ This is an action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the F.D.C.P.A.). The F.D.C.P.A. was enacted by Congress to eliminate abusive, deceptive, and unfair debt collection practices and became effective on March 20, 1978. This court has subject-matter jurisdiction, without regard to the amount in controversy, under § 1692k(d) of the Act.

The facts of this case are undisputed, except where noted herein. Plaintiff is a 60 year old widow and Social Security retiree. She suffers from high blood pressure and epilepsy. In December 1976 and January 1977, she incurred a debt for medical services performed by a doctor with Cabrini Hospital Medical Group. Her belief was that medicare or other, private, medical insurance had paid in full this debt for medical treatment. She contends that in July 1978, an agent of defendant telephoned her and informed her of an alleged outstanding debt for $56.00 to Cabrini Hospital Medical Group. When she denied the existence of this debt, the voice on the telephone responded, "you owe it, you don't want to pay, so we're going to have to do something about it." In its brief, defendant denies that it ever telephoned the plaintiff but states that plaintiff did telephone defendant on several occasions. There is no evidentiary support in the record for defendant's contention.

On or about August 10, 1978, plaintiff received a letter from defendant which supplies the basis for her complaint. It stated:

You have shown that you are unwilling to work out a friendly settlement with us to clear the above debt.

Our field investigator has now been instructed to make an investigation in your neighborhood and to personally call on your employer.

The immediate payment of the full amount, or a personal visit to this office, will spare you this embarrassment.

The top of the letter notes the creditor's name and the amount of the alleged debt. The letter was signed by a "collection agent." It is attached as exhibit B to the plaintiff's memorandum. The envelope containing that letter presented a return address that included defendant's full name: Collection Accounts Terminal, Inc.

Upon receiving this letter from defendant, plaintiff alleges that she became very nervous, upset, and worried, specifically that defendant would cause her embarrassment by informing her neighbors of the debt and about her medical problems. In its brief, defendant states its lack of knowledge concerning plaintiff's reaction to the letter.

Plaintiff wishes to reserve certain of her F.D.C.P.A. allegations for trial should this court deny her summary judgment motion. But three of her alleged violations regarding defendant's liability are ripe for disposition by summary judgment. If plaintiff prevails, a hearing will be appropriate to determine a damage award. § 1692k provides for actual and statutory damages, and a reasonable attorney's fee.

█ *(1) Harassment or abuse (§ 1692d).* The first sentence of § 1692d provides: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." This section then lists six specifically prohibited types of conduct, without limiting the general application of the foregoing sentence. The legislative history makes clear that this generality was intended:

In addition to these specific prohibitions, this bill prohibits in general terms any harassing, unfair or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed. 1977 *U. S. Code Cong. & Admin.News* at p. 1698.

Plaintiff does not allege conduct which falls within one of the specific prohibitions contained in § 1692d, but we find that defendant's letter to plaintiff does violate this general standard.

■ Without doubt defendant's letter has the natural (and intended) consequence of harassing, oppressing, and abusing the recipient. The tone of the letter is one of intimidation, and was intended as such in order to effect a collection. The threat of an investigation and resulting embarrassment to the alleged debtor is clear and the actual effect on the recipient is irrelevant. The egregiousness of the violation is a factor to be considered in awarding statutory damages (§ 1692k(b)(1)). Defendant's violation of § 1692d is clear.

■ *(2) Deception and improper threats (§ 1692e).* § 1692e bars a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." Sixteen specific practices are listed in this provision, without limiting the application of this general standard. § 1692e(5) bars a threat "to take any action that cannot legally be taken or that is not intended to be taken." Defendant also violated this provision.

Defendant's letter threatened embarrassing contacts with plaintiff's employer and neighbors. This constitutes a false representation of the actions that defendant could legally take. § 1692c(b) prohibits communication by the debt collector with third parties (with certain limited exceptions not here relevant). Plaintiff's neighbors and employer could not legally be contacted by defendant in connection with this debt. The letter falsely represents, or deceives the recipient, to the contrary. This is a deceptive means employed by defendant in connection with its debt collection. Defendant violated § 1692e(5) in its threat to take such illegal action.

■ *(3) Unfair practice/return address (§ 1692f(8)).* The envelope received by plaintiff bore a return address, which began "COLLECTION ACCOUNTS TERMINAL, INC." § 1692f bars unfair or unconscionable means to collect or attempt to collect any debt. § 1692f specifically bars:

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

Defendant's return address violated this provision, because its business name does indicate that it is in the debt collection business. The purpose of this specific provision is apparently to prevent embarrassment resulting from a conspicuous name on the envelope, indicating that the contents pertain to debt collection.

On the subject of the return address on the envelope, defendant cites § 1692k(c), which provides:

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Defendant states that it was "unaware that the return address could be considered a violation of any statute." Memorandum in opposition, at 4. No affidavit is offered. § 1692k(c) does not immunize mistakes of law, even if properly proven (as this one is not). § 1692k(c) is designed to protect the defendant who intended to prevent the conduct which constitutes a violation of this Act but who failed even though he maintained procedures reasonably adapted to avoid such an error. Defendant here obviously *intended* the conduct which violates the Act in respect to the return address, but it simply failed to acquaint itself with the pertinent law. This is similar to a provision in the Truth in Lending Act, providing a defense by establishing the facts, not by claiming ignorance of the law. *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161 (7th Cir. 1974).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of plaintiff on the issue of liability.