Diane JETER

v.

**CREDIT BUREAU, INC.**

**Civ. A. No. C83–1250A.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 2, 1983.

Ralph Goldberg, Atlanta, Ga., for plaintiff.

W. Rhett Tanner, Caryn R. May, Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, Chief Judge.

The above-styled Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, action is before the Court on cross-motions for partial summary judgment and the defendant's Credit Bureau, Inc. (defendant) motion for complete summary judgment. Also before the Court is Diane Jeter's (plaintiff's) motion to compel discovery.

### Facts

On October 26, 1982, the plaintiff's account was referred to the defendant for collection by Associated Consumers. On March 4, 1983, the defendant sent the plaintiff the following letter:

Take notice that the above creditor claims you are indebted to him as shown.

Although duly demanded, the same has not been paid, you have ignored our previous contacts.

Therefore, you are hereby notified that unless satisfactory arrangements are made within five (5) days from this date, we will recommend to our client, suit and subsequent action (judgment, garnishment, levy, and/or attachment proceedings) may be instigated against you by their attorneys.

Respond now and avoid the necessity of further action. An envelope has been enclosed for your convenience.

On April 7, 1983, the defendant sent the plaintiff another letter which stated the following:

This is our final notice to you before recommending that our client give the account to their attorney for legal action.

Although it may cause you embarrassment, inconvenience and further expense, we will do so if the entire balance is not in this office within the next five (5) days.

To insure proper credit, please return this notice with your payment in the envelope enclosed.

On May 11, 1983, the defendant received a letter from the plaintiff's attorney stating that the plaintiff did not owe Associated Consumers any money. Shortly thereafter, the defendant determined that collection on the plaintiff's account was impractical based on her attorney's letter and accordingly did not recommend that legal action be instituted against the plaintiff.

The plaintiff alleges that the defendant's letters violated 15 U.S.C. §§ 1692e [1] and 1692d [2] because they contained misrepresentations and because the natural consequences of the letters were to harass, oppress, and abuse the plaintiff.[3] The Court will discuss each allegation separately.

### Discussion

The plaintiff claims that the defendant violated 15 U.S.C. § 1692 for two reasons. First, the letters stated that the defendant would recommend to Associated Consumers that Associated Consumers should bring suit when in fact the evidence shows that it is the defendant who normally brings suit on behalf of its clients. Second, the defendant never did bring suit against the plaintiff despite the threat of such action contained in the letters. The plaintiff

1. 15 U.S.C. § 1692e states the following:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.... The statute then lists various activities that would constitute a violation of the provision. Subsection 5 states:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

2. 15 U.S.C. § 1692d states the following:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.... The statute then lists various activities that would constitute a violation of this provision.

3. The plaintiff's complaint also alleged a violation of 15 U.S.C. § 1692e8. The plaintiff has withdrawn this allegation.

argues that the defendant threatened to take action which it knew it would not take and thus violated 15 U.S.C. § 1692.

■ The Fair Debt Collection Practices Act was designed to safeguard consumers in their dealings with business and to prohibit any harassing, unfair, or deceptive collection practices. Sen.Rep. No. 95–382, 95th Cong., 1st Sess., Reprinted in 1977 U.S.Code Cong. and Adm.News 695, 698. To determine whether the FDCPA was violated, this Court must determine the applicable standard to apply to the consumer. In *Blackwell v. Professional Business Services, Inc.*, 526 F.Supp. 535 (N.D.Ga.1981) and *Zoeckler v. Credit Claims and Collection, Inc.*, No. C82–272A (N.D.Ga., Sept. 30, 1982), two judges of this court applied a "reasonable consumer" standard. This Court agrees with these two orders and will thus decide whether a "reasonable consumer" would be deceived, mislead, or harassed by the letters at issue in this case.

■ Applying this standard, this Court finds that the defendant's actions do not violate the FDCPA. The defendant's letters merely stated to the plaintiff that legal action might be brought against her if she did not pay her debt. The fact that the suit would have been brought by the defendant on behalf of its client instead of by the client itself does not by itself constitute a material misrepresentation. The evidence clearly shows that the defendant has brought legal actions on behalf of Associated Consumers in the past. See Affidavit of Michael Rodgers at 2. The letters simply stated that the defendant would encourage the plaintiff's alleged creditor to bring suit if the debt was not paid. The president of the creditor has stated that the defendant often sought permission to pursue legal remedies against a debtor. *Id.* The Court finds that the defendant did not violate the FDCPA simply by creating an ambiguity as to which party would bring legal action against the plaintiff.

■ The plaintiff also argues that defendant's letters violated the FDCPA because they threatened legal action if the plaintiff did not respond within five days and no action was ever commenced. This argument carries little weight for two reasons. First, the letters do not say that legal action would be commenced after the expiration of the five days but that the defendant would *recommend* to its client that legal action should be taken. An officer of the defendant has stated that the defendant did, in fact, intend to recommend legal action. *See* Center Aff. para. 5. Hence, a reasonable consumer would not have been mislead by statements in the letters that the defendant would recommend legal action. The fact that such action was not recommended immediately after the expiration of the five day period does not lead to the conclusion that the defendants violated the Act. Secondly, and more importantly, the thrust of the plaintiff's argument is that the defendant is liable under the FDCPA because it never followed through on its threat to bring an action against the plaintiff. The defendant never brought this action because the plaintiff's attorney convinced it not to do so. In other words, the defendant decided that the plaintiff did not in fact owe any money to the defendant's client and thus the defendant decided to abstain from further collection efforts. This Court fails to see how such actions constitute a violation of the FDCPA.[4]

The plaintiff cites the case of *Zoeckler v. Credit Claims and Collection*, No. C82–272A (Sept. 30, 1982, N.D.Ga.) to support its position. *Zoeckler*, however, is easily distinguishable from the case at bar. In *Zoeckler*, the Court held that the defendant violated the FDCPA because it created an impression that a lawsuit was already pending against the debtor and that the

---

4. The plaintiff argues that summary judgment should not be granted because there is a material issue of fact as to whether or not the defendant actually intended to recommend legal action to collect her debt. The Court finds that the plaintiff has not pointed to any evidence to support this conclusion and has thus failed to show the Court there is any reason to doubt the defendant's evidence on this point.

debtor would have no defenses to the lawsuit. The Court in *Zoeckler* stated:

> In sum, this second letter creates the impression that a lawsuit against him [the debtor] has been initiated and that he is presumed to have no defense or alternative to the court proceedings. This deceptive language violates the purposes of the Fair Debt Collection Practice Act. *Id.* at 7.

The defendant in the present case made no such representations. It simply threatened a lawsuit which it then decided to abandon. This Court feels that this case is more similar to *Blackwell v. Professional Business Services*, 526 F.Supp. 535 (N.D.Ga. 1981). In *Blackwell*, the defendant sent a letter to the plaintiff containing the following language:

> FINAL NOTICE BEFORE LEGAL REFERRAL. YOUR DELINQUENT ACCOUNT may be scheduled for referral to an attorney for action. You may, therefore, be responsible for additional costs prior and subsequent to a resulting judgment [sic]. With judgment, creditor's attorney can garnishee wages and/or attach tangible and real property.

The Court, applying a reasonable consumer standard, held that this language did not violate the FDCPA. The language of the defendant's letter in *Blackwell* is remarkably similar to the language of the letters in the present case. Both letters merely threatened legal action if the debt was not paid. The mere fact that such action was never brought does not mean that this language was false or misleading, especially in light of the plaintiff's attorney's letter to the defendant urging it not to bring suit. Accordingly, this Court finds nothing in the language of the defendant's letters or in its actions that constitutes a violation of 15 U.S.C. § 1692.

The plaintiff also argues that the defendant's letters violated 15 U.S.C. § 1692d because they harassed and abused her. She cites *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F.Supp. 980 (N.D.Ill.1979) to support this position. In *Rutyna,* however, the defendant threatened to "make an investigation in your [the debtor] neighborhood and to personally call on your employer." *Id.* at 981. The court concluded that the tone of the letter was one of intimidation and that the defendant intended to harass the debtor.

The defendant in the present case merely threatened to institute legal action against the plaintiff. The sentence that the plaintiff objects to is the one that stated that the institution of such proceedings could possibly cause her "embarrassment, inconvenience, and further expense." The Court feels that this language would not oppress or harass a reasonable consumer. Unlike the defendant in *Rutyna,* the defendant in the case at bar merely pointed out to the plaintiff the potential problems she might face if a lawsuit was brought against her. These problems could possibly arise in the defense of any lawsuit. *See generally Wright v. Credit Bureau of Georgia, Inc.,* 555 F.Supp. 1005 (N.D.Ga. 1983) (letter containing general threat that debtor's credit rating would be adversely affected if he did not pay debt held not to violate the FDCPA.) Therefore, the Court finds that a reasonable consumer would not have been harassed or oppressed by the defendant's letters and hence there was no violation of 15 U.S.C. § 1692d.

In sum, the Court finds that the simple threat of a lawsuit contained in letters written by a creditor's collection agency to a debtor does not, in and of itself, constitute a violation of the FDCPA. Accordingly, the plaintiff's motions for partial summary judgment is DENIED. The defendant's motion for summary judgment as to all issues is GRANTED. The plaintiff's motion to compel is dismissed as MOOT.