ROBERT J. JONKER, CHIEF UNITED STATES DISTRICT JUDGE
INTRODUCTION
Plaintiff filed a putative class action under the Fair Debt Collection Act because defendants served him-as required by Michigan Court Rule-with a copy of a subpoena to a third party in ongoing litigation. The alleged basis for liability is (1) that the serving law firm used its name on the return address; and (2) that a glassine window on the envelope used for the recipient's postal address allowed a viewer to see the designation "Defendant(s)/Respondent(s)," which is part of the Michigan SCAO form of subpoena. The Court recognizes that the FDCPA potentially covers a wide range of "unfair and unconscionable means" of debt collection. This is not one of them. Accordingly, the Court GRANTS the Defendants' Motion for Judgment on the Pleadings. (ECF No. 32.)
FACTUAL BACKGROUND
Defendant Weber & Olcese, P.L.C., ("W & O") is a law firm. It was engaged by a client to collect a debt from Plaintiff. (ECF No. 1, PageID.2.) W & O mailed to Mr. DeCraene a copy of a subpoena and order to appear and/or produce served on U.S. Bank Home Mortgage in connection with a lawsuit pending in Michigan state court. (ECF No. 1-2, PageID.12.) W & O's name and address appear in the upper left corner of the envelope. (ECF No. 1-1, PageID.10.) The envelope has a glassine window through which Plaintiff DeCraene's name and address, and the words "Defendant(s)/Respondent(s), are visible. (Id. ) Also visible through the glassine window are a small "v" beside the Plaintiff's name, the word "Ionia" above the small "v," and a phone number. Plaintiff contends that the markings violate the FDCPA's prohibition on using language or symbols on an envelope indicating that the contents concern debt collection. (ECF No. 1, PageID.4-6.) Plaintiff asserts no independent claim against Defendant Portfolio Recovery Associates, L.L.C. ("PRA"), arguing instead that PRA bears vicarious liability because it hired W & O.[1]
LEGAL STANDARDS
FED. R. CIV. P. 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed-but early enough not to delay trial." Courts analyze motions for judgment on the pleadings under the same standards as motions to dismiss under Rule 12(b)(6). Sensations, Inc. v. City of Grand Rapids , 526 F.3d 291, 295 (6th Cir. 2008). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content *981 that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a claim has facial plausibility, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. Morgan v. Church's Fried Chicken , 829 F.2d 10, 12 (6th Cir. 1987). The factual allegations "must be enough to raise a right to relief above the speculative level...." Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In addition, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims therein." Bassett v. Nat'l Collegiate Athletic Ass'n , 528 F.3d 426, 430 (6th Cir. 2008).
Congress enacted the FDCPA to eliminate "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). The Sixth Circuit has noted that "the FDCPA is extraordinarily broad, crafted in response to what Congress perceived to be a widespread problem." Barany-Snyder v. Weiner , 539 F.3d 327, 333 (6th Cir. 2008) (internal quotation omitted). Courts apply the "least sophisticated consumer" standard in determining whether particular conduct violates the FDCPA. Id. The standard "ensures that the FDCPA protects all consumers, the gullible as well as the shrewd." Id. (internal quotation omitted). "[A]lthough this standard protects naïve consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Fed. Home Loan Mortg. Corp. v. Lamar , 503 F.3d 504, 507 (6th Cir. 2007) (alteration in original) (internal quotation marks omitted).
ANALYSIS
Plaintiff premises his claim on 15 U.S.C. 1692f(8), which provides:
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following is a violation of this section: .... using any unfair or unconscionable means to collect debts ... using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.
"The purpose of this specific provision is apparently to prevent embarrassment resulting from a conspicuous name on the envelope, indicating that the contents pertain to debt collection." Rutyna v. Collection Accounts Terminal, Inc. , 478 F.Supp. 980, 982 (N.D. Ill. 1979).
Plaintiff contends that including W & O's name on the envelope violates section 1692(f)(8) because, in Plaintiff's view, the name of the law firm-Weber & Olcese, P.L.C.-indicates that it is in the debt collection business. Plaintiff argues that even if the firm's name on its face does not necessarily connote a debt collection business, it still violates the statute because a simple internet search would reveal that W & O collects debts. This argument lacks merit. The words "Weber & Olcese, P.L.C." do not on their face bespeak debt collection. The firm's name is innocuous. W & O's name differs qualitatively from names other courts have found do violate the statute. See *982 Keasey v. Judgment Enforcement Law Firm , No. 1:13-CV-420, 2014 WL 1744268 (W.D. Mich. April 30, 2014) (finding that the name "Judgment Enforcement Law Firm" above the return address on the envelope violated section 1692f(8) because "[a] person viewing the mailing, including the least sophisticated consumer, could reasonably conclude that a law firm dedicated to enforcing judgments is in the debt collection business."); Rutyna v. Collection Accounts Terminal, Inc. , 478 F.Supp. 980, 982 (N.D. Ill. 1979) (finding that the name "COLLECTION ACCOUNTS TERMINAL, INC." above the return address on the envelope violated section 1693f(8) because the name indicates that the corporation is in the debt collection business.").
Even if Plaintiff is correct that an internet search would yield information about W & O's debt collection work, this is not enough to show a violation of the statute. The statute does not mention internet searches or other research, and Plaintiff has not identified any legal authority that supports his claim that the Court should look beyond the name on the envelope to research results linked to the name. To the contrary, courts have rejected similar "attempt[s] to add a research element into the unsophisticated consumer calculus...." Davis v. MRS BPO, LLC , No. 15C2303, 2015 WL 4326900 (N.D. Ill. July 15, 2015). The Court finds no basis to read a research element into the statute.
Plaintiff also claims that the visibility of the small "v" beside the Plaintiff's name, the word "Ionia" above the small "v," and the words "Defendant(s)/Respondent(s)" above the Plaintiff's name violates the statute. The Court disagrees. Courts repeatedly have found that section 1692f(8) excepts "benign language" and permits innocuous markings that do not reveal they pertain to debt collection. See, e.g., Goswami v. American Collections Enterprise, Inc. , 377 F.3d 488, 493-94 (5th Cir. 2004) (collecting cases); Strand v. Diversified Collection Service, Inc. , 380 F.3d 316, 319 (8th Cir. 2004) ; Johnson v. NCB Collection Servs. , 799 F.Supp. 1298, 1305 (D.Conn. 1992) (finding that the phrase "Revenue Department "on the envelope did not violate section 1692f(8) ); Masuda v. Thomas Richards & Co. , 759 F.Supp. 1456, 1466 (C.D. Cal. 1991) (finding that the phrase "Personal and Confidential" on the envelope of a collection letter did not violate section 1692f(8) ). The markings Plaintiff challenges in this case are benign, because they do not signal debt collection. The "Defendant(s)/Respondent(s)" language and other markings indicate nothing more than an interest in litigation, not the existence of a collection action against the recipient. Moreover, the literal reading of section 1692f(8) Plaintiff urges would yield "bizarre and idiosyncratic results." See Fed. Home Loan Mortg. Corp. , 503 F.3d 504, 507 (6th Cir. 2007). Under such a reading, "a debtor's address and an envelope's pre-printed postage would arguably be prohibited, as would any innocuous mark related to the post, such as 'overnight mail' and 'forwarding and address correction requested.' " Strand , 380 F.3d at 318. A stamp bearing a word or phrase, such as "happy holidays," might also violate the statute. It is unlikely that Congress intended the statute to permit such absurd results. Cf. Hagy v. Demers & Adams , 882 F.3d 616, 618, 2018 WL 914953 (6th Cir. 2018) ("Congress cannot override this baseline requirement [of standing premised on a cognizable injury traceable to the defendant] ... by labeling the violation of any requirement of a statute a cognizable injury.") (emphasis in original).
The language visible through the glassine window is printed on the SCAO-approved form of subpoena. The mailing itself is not gratuitous, but instead is required by Michigan court rule for any subpoena. MCR 2.305(5) ("A copy of the *983 subpoena must be served on all other parties in the same manner as the deposition notice [served on the deponent].") The mailing in this case, including the inclusion of the name of the firm and the other markings to which Plaintiff objects, is simply not the kind of unfair and unconscionable communication the FDCPA seeks to prevent.
CONCLUSION
For these reasons, Defendants are entitled to judgment on the pleadings as to Plaintiff's federal claims.
ACCORDINGLY, IT IS ORDERED :
1. Defendants' Motion for Judgment on the Pleadings (ECF No. 32) is GRANTED .
2. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1367(c)(3).

Plaintiff brings parallel claims under state law. With the Court's grant of judgment on the pleadings on Plaintiff's federal claim, only the state law claims remain, and there is no independent basis for jurisdiction. The Court declines to exercise supplemental jurisdiction and dismisses the state law claims. 28 U.S.C. § 1367(c)(3).